## Case No. 17,564.

### In re WHITEHOUSE.

[1 Lowell. 429;[1] 4 N. B. R. 63 (Quarto. 15).]

District Court, D. Massachusetts. March, 1870.

JUDGMENT FOR DECEIT — ARREST OF BANKRUPT DEFENDANT.

A bankrupt arrested on an execution issued on a judgment in an action for deceit is not entitled to be relieved on habeas corpus, for the arrest is in an action founded on fraud.

[Cited in Warner v. Cronkhite, Case No. 17,180; Re Pitts, Id. 11,190.]

[Cited in Donald v. Kell, 111 Ind. 3, 11 N. E. 783; Hamilton v. Reynolds, 88 Ind. 195; Wade v. Clark, 52 Iowa, 159, 2 N. W. 1040.]

R. I. Burbank and R. Lund, for petitioner.
W. H. Towne, for creditor.

LOWELL, District Judge. During the pendency of his proceedings in bankruptcy, to quote the language of section 26 of the act [of 1867 (14 Stat. 529)], the bankrupt was arrested on an execution issued from the superior court and petitions for a writ of habeas corpus. The record of that court, if admissible, shows that the judgment was based upon a verdict rendered in an action for deceit, and was rendered before the bankruptcy. The question submitted is, whether the arrest is within the exception of section 26, as being in an action founded upon a debt or claim from which the bankrupt's discharge, if obtained, will not release him. By the consent of the parties I have consulted with Judge Shepley upon this point, and we think that the petitioner is not entitled to be discharged from arrest. The civil action in which he is arrested is distinctly and solely founded on fraud, and so is within the

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

equity of the exception of section 33. It is argued with a good deal of force that a judgment merges the original cause of action. and converts what was an unliquidated demand for damages into a debt, and that it is altogether immaterial what the nature of the original demand may have been.

We are of opinion. however, that the record of the action in which the execution issues, may be looked at, and if it shows a material and traversable allegation of fraud as its sole foundation, the debt or demand may fairly be said to be one founded in fraud, and the action to be one founded upon a debt or claim from which the bankrupt's discharge would not release him. The execution is a writ issued in the cause, and the arrest is an arrest in a civil action. I do not intend to express any opinion upon the question whether a judgment in an action of contract, in which an allegation of fraud, if made, would be immaterial, might not be such a merger or waiver as is contended for. It might be very difficult to admit evidence to vary or contradict the record in favor of the creditor, when the debtor would be concluded on his side. Nor do I even mean to say that a suit on this judgment might not remove the fraud beyond the view of the court. In the Case of Devoe [Case No. 3,-843], I decided that an arrest on mesne process in an action for deceit was within the exception and not to be relieved against, and I have seen no reason to change that opinion. I now decide that an arrest on execution in a similar action, comes within the same rule.

Writ refused.