## Case No. 17,180.

### WARNER v. CRONKHITE.

[6 Biss. 453; 13 N. B. R. 52; 1 N. Y. Wkly. Dig. 291; 8 Chi. Leg. N. 17; 7 Leg. Gaz. 329.][1]

Circuit Court, E. D. Wisconsin. Sept., 1875.

BANKRUPTCY—DEBT CREATED BY FRAUD—EFFECT OF AGREEMENT NOT TO ARREST—MASSACHUSETTS INSOLVENT LAW.

1. Debt created by fraud is not discharged in bankruptcy, even though reduced to a simple judgment for money, in which there is no mention of fraud; if the original action was based upon fraud, the fraud is not merged in the judgment.

[Cited in Re Pitts, Case No. 11,190.]

[Cited in Hamilton v. Reynolds, 88 Ind. 195.]

2. A stipulation between the parties after the judgment, by which the plaintiff waived his right to execution against the body of defendant, does not affect this question of discharge.

3. Massachusetts insolvent law, and many cases commented on and distinguished.

This action comes into this court by removal from the circuit court of Outagamie county.

The complaint sets forth the following state of facts: That on the 11th of June, 1859, the plaintiff brought an action against the defendant in the circuit court of Outagamie county, to recover damages claimed to have been sustained by the plaintiff, by reason of alleged frauds practiced by defendant upon plaintiff in the sale of certain lands; that the action and the right of the plaintiff to recover therein were founded solely upon the said frauds; that issue was joined in that action by the parties thereto, trial by jury had, and verdict and judgment were rendered in favor of plaintiff against defendant for $1258.87, damages and costs; that this judgment has never been appealed from, reversed or set aside, and has not been paid. The complaint then alleges, that after the rendition of this judgment, the defendant procured from the United States district court for the Eastern district of Missouri, his discharge in bankruptcy, and that the defendant claims that by this discharge his liability to the plaintiff, upon the debt represented by the judgment, is discharged. The complaint next alleges, that the debt represented by the judgment was created solely by the fraud of the judgment debtor, and that the debt is not canceled by the dis-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 1 N. Y. Wkly. Dig. 291, contains only a partial report.]

charge in bankruptcy; and closes with the allegation that this action was commenced upon such judgment by leave of the circuit court of Outagamie county, and judgment is demanded for the amount alleged to be due upon said former judgment, with interest. The defendant answers this complaint and says, that after the rendition of the judgment mentioned in the complaint, the parties to that judgment entered into a written stipulation, by which the plaintiff waived his right to an execution against the body of defendant upon the judgment, and expressly agreed that no execution should ever be issued against the body of the defendant in that action; and by which stipulation the defendant, on his part, waived all errors in entering said judgment, and in all orders prior to the entry thereof, and further agreed that he would not take any appeal from the judgment or any of said orders. It was further stipulated between the parties, that said judgment should be and remain in all respects binding upon the real and personal property of the defendant, and that no other or further right of the plaintiff than that of execution against defendant's body, was relinquished by the stipulation. To this answer the plaintiff interposed a demurrer, and the question is, does the stipulation set forth in the answer constitute a defense to this action? Annexed to the complaint is a certified copy of the judgment record in the original action, from which it appears that that action was founded upon certain alleged false and fraudulent representations made by defendant to plaintiff in an exchange of property between the parties. The gravamen of the complaint in that action, and the gist of the action, was fraud. The judgment rendered was in terms and form a simple money judgment, no reference to the ground of action being mentioned therein.

D. G. Hooker, for plaintiff.
Finches, Lynde & Miller, for defendant.

DYER, District Judge. Section thirty-three of the bankrupt act provides, "that no debt created by fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt." It is claimed by the plaintiff that the ground of the action in which the judgment now sued on was rendered being fraud, the debt was not discharged by the bankruptcy proceedings, and that the stipulation in question did not extract from the judgment, which at the time of the bankrupt's discharge represented the debt, the element of fraud upon which it was originally founded. It is claimed by defendant's counsel that the original debt or claim was merged in the judgment; that to show the alleged fraud, within the meaning of section thirty-three of the bankrupt act [of 1867 (14 Stat. 533)], so as to make the debt in this case one from which the defendant was not dischar-

ged by the bankruptcy proceedings, it must be disclosed by the judgment itself, that it was necessarily based upon the fraud, and that in any event the stipulation made by the parties gave to the judgment the character of a mere contract debt, which was discharged by the debtor's discharge in bankruptcy.

. When the original action between these parties was commenced, and when the judgment here sued upon was rendered, there was no statute in force in this state authorizing an arrest of a defendant, or an execution against his body in a case where fraud in contracting a debt or incurring an obligation was the sole ground of action. It was not until 1863, that a statute was enacted, authorizing an arrest in such a case. So that, although the parties seem by their stipulation to have supposed that the right to an execution against the body in that action then existed, in fact it did not exist. This being so, that stipulation becomes insufficient as a defense to this action, if the action itself can be maintained. For it is apparent that the plaintiff's demurrer to the defendant's answer reaches back to the question whether the original demand, debt or judgment, was discharged by the defendant's discharge in bankruptcy, and consequently, whether this action will lie. There is some conflict of authority upon the question as to whether a recovery of a judgment upon a debt fraudulently contracted merges the original cause of action, so as to relieve from liability to arrest, even where there is a statute authorizing arrests in civil actions founded upon fraud. In the case of McButt v. Hirsch, 4 Abb. Prac. 441, it was held, that in an action upon a judgment recovered upon a debt fraudulently contracted, the defendant was not liable to arrest on the ground of fraud in the original debt, and that the original cause of action was merged in the judgment recovered upon it. It will be observed here, that the point was not whether an execution could be issued upon the judgment against the body of the defendant, but the question was, whether, in a new action upon the judgment, the defendant could be arrested because of the fraud in the original debt; and in this state of the case the principle above stated was applied.

In the case of Mallory v. Leach, reported in note to 14 Abb. Prac. 449, there was a similar decision of the question. A judgment was recovered in an action for fraud. Another action was brought upon that judgment, and it was held that this second action was upon contract, and not for fraud, and the defendant could not, therefore, be arrested.

I have referred particularly to these two cases, because they as strongly affirm the principle of merger as any I find. The case at bar must be distinguished from those cases. We do not have here an action upon the judgment with an accompanying proceeding to procure an arrest, on the ground that the original cause of action upon which the judgment sued on was recovered, sprung from the defendant's fraud. The question here is, whether the original cause of action was so merged in the judgment, and

the original fraud so extinguished by the judgment, that it must now be held a debt which was discharged by the defendant's discharge in bankruptcy.

Judge Blatchford, in the Case of Patterson [Case No. 10,817], after stating that the point involved was whether the debt in that case was one excepted by section thirty-three of the bankrupt act from the operation of a discharge, says: "It is claimed on the part of the bankrupt that the debt being in the shape of a judgment, this court cannot, in applying the 33d section, go behind the judgment to see whether the claim on which the judgment was recovered was created by fraud; that the judgment, which is now the only debt, was created by the claim and not by the fraud, and that though the judgment was created by the claim, and the claim by the fraud, yet the judgment was not created by the fraud. This view is unsound. Wherever the debt, no matter whether it be in the shape of a judgment or in any other form, was created by fraud, had its root and origin in fraud, then it is not to be discharged. To hold that the recovery of a judgment in an action where the gravamen of the complaint is fraud, condones that very fraud by so merging the original claim that the judgment cannot be said to be a debt created by the fraud set out in the complaint as the ground for recovering the judgment. would fritter away entirely the good sense and plain intention of the 33d section."

The same principle is recognized and applied by Judge Lowell, in Re Whitehouse [Case No. 17,564], petitioner for habeas corpus, and I think that the conclusions arrived at in these cases are sound, when applied to a case in which it appears by the record that the original demand or cause of action sprung from fraud. Now, in the case at bar, what does the record show? The complaint in the action in which the judgment sued on was rendered, shows a cause of action springing exclusively from alleged fraudulent representations in an exchange of property. It was not an action upon contract with immaterial allegations of fraud, but it was an action grounded solely upon the fraud. The summons in the action was not upon a liquidated money demand, but in terms demanded relief as it should in an action to recover unliquidated damages. The issue joined between the parties was upon the question of fraud, as appears by the complaint and answer. There was a trial by jury and an assessment of damages, and a judgment upon the issue of fact involved was entered on the verdict. Was it necessary that the judgment on its face should show that the ground of the action, or that the origin of the plaintiff's demand was fraud, in order to make it a case of a debt or demand created by fraud not dischargeable under the bankrupt law? I cannot think so. As the record of the action "shows a material and traversable allegation of fraud as its sole foundation. the debt or demand may fairly be said to be one founded in fraud, and the action to be one founded upon

a debt or claim from which the bankrupt's discharge would not release him." In re Whitehouse [supra]. The distinction must not be ignored between the question as it presents itself in the case at bar and as it would be presented in a case where the allegations of fraud in the original action were incidental and immaterial, or in a case of an attempted remedy against the person of the defendant in an action on the judgment. Upon the record, it would seem that had there been no fraud, there could have been no claim, and had there been no fraud, and consequently no claim, there would have been no judgment. Accepting the record as evidence of the character of the original cause of action, the debt in this instance, though now represented by a judgment, was created by fraud, and so excepted by the bankrupt act from the operation of a discharge.

Shuman v. Strauss, 52 N. Y. 404, is cited by defendant's counsel. But that was an action for the recovery of money only, and the summons was in the form prescribed by subdivision one of the section of the code relating to the form of the summons, which subdivision has reference to actions upon liquidated demands. It was held in such a case that upon the non-appearance of the defendant, judgment being perfected upon an assessment of damages by the clerk, the defendant is not concluded by the allegations of fraud in the complaint; but that the plaintiff's right of action for, or remedy under the statutes by reason of the fraud, is merged in the judgment. The court, after speaking approvingly, as I understand their decision, of the doctrine laid down in the Case of Patterson [supra], and some other similar cases, say that they come far short of the claim of the plaintiff in the case then decided, and a mere statement of the character of that case, as already given, makes the correctness of that observation of the court obvious.

Wood v. Henry, 40 N. Y. 124, is also cited. In that case the defendants, as commission merchants, received certain property for sale from the plaintiff. They sold the property, but did not account for the proceeds. These facts were alleged in the complaint, and so it appeared that the defendants acted in a fiduciary character. Judgment was taken by default. No order of arrest had been obtained during the pendency of the action, and the question was whether an execution upon the judgment could be issued against the persons of the defendants. A majority of the court held that the allegations of the fiduciary character of the defendants were not traversable. and that no execution could issue against the person upon the judgment, because the cause of action did not necessarily import liability to arrest, the cause of action and cause of arrest not being identical. In other words, upon trial, proof of the fiduciary relation was not indispensable to recovery. Here is a plain distinction between that case and this at bar; for here there could have been no recovery with-

out proof of the alleged fraud, for the fraud was the entire basis of the action. It was, in short, the sole cause of action. Prouty v. Swift, 51 N. Y. 594, is in character and principle like Wood v. Henry, while Roberts v. Prosser, 53 N. Y. 260, enforces the principle applied in the case at bar. as distinguished from the other cases cited. I do not think Bangs v. Watson, 9 Gray. 211, is applicable to the question we have here. The original cause of action in that case arose upon contract. Judgment was recovered, and it was held that there was a merger of the original indebtedness in the judgment, and that the judgment did not, within the provisions of the insolvent law of Massachusetts, constitute a claim for necessaries not dischargeable under the act, although the original demand was for necessaries. The language of that act was: "No discharge of a debtor shall bar any claim for necessaries furnished to such debtor." The language of the 33d section of the bankrupt law is: "No debt created by fraud shall be discharged under this act." The Massachusetts statute specifies the claim in the form in which it exists at the time of the insolvency proceedings. It must, then, to be excepted from the operation of a discharge, be in the form of a claim for necessaries, and it is not in such form when in judgment. The language of the bankrupt act requires an inquiry into the origin, the creation of the debt, and if created by fraud, it is not to be held discharged. In the case of Palmer v. Preston, 45 Vt. 154, cited by defendant's counsel, the action was upon contract. Fraudulent representations had been made to procure a certain indorsement. but the fraud was not the foundation of the judgment recovered. The judgment was held to be discharged by the bankruptcy proceedings, and not to be within the exception of the 33d section of the bankrupt act, because the debt in question was created by contract, and as the debt had been treated as a demand so created. it was held that the fraud was waived. The case is, therefore. inapplicable to that under consideration. The demurrer to defendant's answer must be sustained.