## GERVAIS *v.* CHICAGO, R. I. & P. R. Co.

*(Supreme Court, Special Term, New York County.   June, 1890.)*

SUPREME COURT—JURISDICTION—FOREIGN CORPORATIONS—PLEADING.

> As the supreme court is a court of general jurisdiction, a complaint, in an action against such a corporation, is not demurrable on the ground (Code Civil Proc. § 488, subd. 1) that the court has not jurisdiction of the person of defendant, unless it affirmatively appears from the face of the complaint that plaintiff is also a non-resident, and therefore disabled from suing a foreign corporation in the courts of this state.   Affirmed in 12 N. Y. Supp. 312.

At chambers.   Action by George F Gervais against the Chicago, Rock Island & Pacific Railroad Company.   Defendant demurrs to plaintiff's complaint on the ground that the court has not jurisdiction of the person of defendant.

*Hart & Price,* for plaintiff.   *Evarts, Choate & Beaman,* for defendant.

PATERSON, J.   The demurrer must be overruled.   It does not appear on the face of the complaint that the plaintiff is a non-resident.   In section 488 of the Code of Civil Procedure there are eight grounds of demurrer to a complaint stated, and defects in that pleading, to be available as grounds of demurrer, must appear on face of the complaint.   The objection in this cause would arise under subdivision 1 of section 488, viz., that the court has not jurisdiction of the person of the defendant.   But that does not appear on the face of the complaint; it is not stated that the plaintiff is a non-resident, and therefore cannot bring a foreign corporation into the courts of this state as a defendant in an action of this kind.   The supreme court being one of general jurisdiction at law and in equity, and having unquestionable jurisdiction over the subject-matter of this action, its authority to entertain the action will, in the first instance, be presumed as to parties, when the question arises on demurrer, although if the fact of the non-residence of the plaintiff appeared affirmatively in any way the court would, even of its own motion, dismiss the cause.   In other words, it is not the office of a demurrer to raise the

question of the jurisdiction of the court over the person of the defendant, unless the defect or want of jurisdiction appears on the face of the complaint. Where it does not so appear, it may be set up by answer, or perhaps presented on a properly constituted motion to set aside the summons. There are express provisions of law to the effect that the jurisdiction of superior city courts is to be presumed, (Code Civil Proc. § 266,) in the sense that the jurisdictional facts need not be set forth, and those courts have jurisdiction over foreign corporations, (section 263, subd. 7 ) It is not to be supposed that it was intended to reduce the jurisdiction or authority of the supreme court, with its constitutional jurisdiction, and in actions against foreign corporations really make it inferior to local courts with limited powers. The supreme court, and all the superior city courts having cognizance of actions of this kind, stand upon an equal footing. Their jurisdiction over the person is presumed, until facts showing that it is against the policy of the law to vex the tribunals of this state with controversies between parties whose grievances should be heard and rights determined elsewhere are made to appear. There are proper ways in which those facts may be presented, and when that is done the court will even *ex mero motu* dismiss the action; but the subject cannot properly arise on demurrer, unless the defect appears on the face of the complaint, which is not the present case. The demurrer is overruled, with costs, with liberty to the defendant to withdraw the demurrer, and answer over in 20 days, on payment of costs.