(68 App. Div. 179.)

### COBB v. CULLEN BROS. & LEWIS STEEL CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

ABATEMENT—ANOTHER ACTION PENDING.
    Where, in an action to recover the price for goods sold, the answer alleges a former action pending for the same subject-matter and cause of action, proof of a prior action by plaintiff against defendant for the replevin of the same goods does not sustain such plea, or entitle defendant to judgment.

Appeal from municipal court of New York.

Action by George W. Cobb, Jr., against the Cullen Bros. & Lewis Steel Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Cornelius J. Earley, for appellant.

Hartley G. Pelletier (Eugene H. Wilson, on the brief), for respondent.

GOODRICH, P. J. The plaintiff sues to recover the price of desks and furniture sold by him to the defendant, a corporation. The answer alleges that prior to the commencement of this action the plaintiff commenced another action in the supreme court for the same subject-matter and cause of action set forth in the complaint, and that the complaint does not state facts sufficient to constitute a cause of action. At the trial the plaintiff conceded the pendency of an action "between the same parties in the supreme court, Kings county, for the replevin of goods, which goods I will concede, also, are the same goods for which this action is brought." Code Civ. Proc. § 488, permits a demurrer to a complaint where it appears on the face of the complaint "that there is another action pending between the same parties for the same cause." The same defense may be set up in an answer where the causes of action are identical, but it is evident that an action in replevin for the goods is not an action for the same cause as an action for their price. In order to entitle a defendant to judgment, different evidence is required in the one case from that which is required in the other. A defendant in replevin might set up as a good defense a sale and delivery of the goods to him on credit, so that the title passed to him; and, this being proved, he would be entitled to judgment. On the other hand, the same evidence in an action for the price of the goods would entitle the vendor to a judgment. See Dawley v. Brown, 79 N. Y. 390. It follows that the causes of action are not identical, and the pendency of a prior action in replevin is no defense to an action for the price.

The judgment should be affirmed. All concur.