### DENNEE et al. v. CROMER.

(Circuit Court of Appeals, Eighth Circuit. March 10, 1902.)

#### No. 1,604.

APPEALS FROM MAYORS.

Under Act Cong. June 28, 1898 (30 Stat. 499, c. 517, § 14), adopting and putting in force in the Indian Territory Mansf. Dig. Ark. c. 29, for the organization and government of cities and towns, and giving to mayors the same jurisdiction as United States commissioners have in such territory, which, under Act Cong. May 2, 1890 (26 Stat. 98, c. 182, § 39), is that of a justice of the peace under Mansf. Dig. Ark. c. 91, and declaring that for purpose of this section all laws of Arkansas herein referred to, so far as applicable, are hereby put in force in said Territory, appeals lie from the mayor in said Territory; Mansf. Dig. Ark. c. 29, § 797, providing appeals may be taken from a mayor as from a justice of the peace.

In Error to the United States Court of Appeals in the Indian Territory.

This action was brought by M. G. Cromer, the defendant in error, against Stewart Dennee and John S. Hammer, the plaintiffs in error, before the mayor of Ardmore, in the Indian Territory, on a promissory note for $150. In that court the plaintiff recovered judgment for the amount of the note and interest, from which judgment the defendants appealed to the United States court for the Southern district of the Indian Territory, at Ardmore, where the like judgment was rendered, from which an appeal was taken by the defendants to the United States court of appeals for the Indian Territory, which court affirmed the judgment of the lower court, and thereupon the defendants sued out this writ of error. In the United States court the de-

fendants filed what in the pleading itself is called a "demurrer to the pro-. ceedings" and in the record a "demurrer in the nature of a plea to the jurisdiction." The principal ground of this demurrer, and the only one necessary to notice, is "that the judgment appealed from is absolutely void, because the mayors of cities and towns in the Indian Territory are without jurisdiction to render judgment in civil cases." The court overruled the demurrer, and the exception to this ruling is the only question the record presents for our consideration.

Joseph G. Ralls, for plaintiffs in error.

W. A. Ledbetter and S. T. Bledsoe, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The contention of the plaintiffs in error is that the act of congress conferring on mayors of cities and towns in the Indian Territory jurisdiction to try civil actions at law where the amount in controversy exceeds $20 makes no provision for allowing, and does not allow, an appeal in such cases to a court of record, and that, for this reason, it is unconstitutional, and mayors have no jurisdiction of such cases, and their judgments are void.

The action of the plaintiffs in error is not consistent with their contention; for, while contending the act of congress allows no appeal from the judgment of a mayor of a city or town, they have taken an appeal from the judgment of a mayor, and have prosecuted it through three courts. If the law allowed them no appeal, their appeal would give them no standing in an appellate court, which could do no more than dismiss the unauthorized appeal, not the suit, and leave the parties where they stood before such appeal was taken. If the law allowed them no appeal, they plainly mistook their remedy. Since the judgment of the supreme court in the case of Traction Co. v. Hof, 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873, it must be accepted as law in the courts of the United States that under the seventh amendment to the constitution of the United States the parties to suits at common law, where the value in controversy exceeds $20, are entitled to a trial by jury, and that a trial by jury, within the meaning of the constitution, is not merely a trial by a jury of 12 men before a justice of the peace "vested with authority to cause them to be summoned and impaneled, to administer oaths to them and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a trial by a jury of twelve men, in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict if in his opinion it is against the law or the evidence." It is, nevertheless, competent for congress, when invested with the power of legislation over a district or territory, to provide for the trial of civil cases by a justice of the peace, or in his presence, by a jury of 12 or any less number, allowing to either party, where the value in controversy exceeds $20, the right of appeal from the judgment of the justice of the peace to a court of record and to have a trial by jury in that court. While a trial

by jury of 12 or any less number before a justice of the peace is not, and a trial by jury in an appellate court is, a trial by jury, within the meaning of the common law and the seventh amendment to the constitution, the constitutional right of trial by jury is not infringed if only the right of appeal is allowed from the judgment of the justice of the peace to a court of record where such a trial by jury as the constitution contemplates can be had.

That the right of appeal from the judgments of mayors in the Indian Territory to the United States court is given in all civil cases cognizable before such magistrate where the amount in controversy exceeds $20 will clearly appear by a brief reference to the acts of congress relating to the subject. There are no justices of the peace in the Indian Territory by that name. The Territory is not, however, without these important and indispensable officers. They are there under other names. In that Territory the United States commissioners and mayors of cities and towns are invested with the jurisdiction and powers of justices of the peace within their respective territorial jurisdictions. The act of congress approved May 2, 1890 (26 Stat. 98, c. 182, § 39), adopted and put in force in the Indian Territory chapter 91 of Mansfield's Digest of the Statutes of Arkansas defining and regulating the jurisdiction and powers of justices of the peace and the practice and mode of proceeding in justices' courts. This chapter confers jurisdiction on justices of the peace in matters of contract where the amount in controversy does not exceed $300, and provides for appeals from their judgments to the circuit court and for a trial by jury on the merits in that court. The act of congress invested United States commissioners in the Indian Territory with all the powers and jurisdiction conferred on justices of the peace in Arkansas by this chapter, and provides that "appeals may be taken from the final judgment of said commissioners to the United States court in said Indian Territory in all cases and in the same manner that appeals may be taken from the final judgments of justices of the peace under the provisions of said chapter 91." By act of congress approved March 1, 1895 (28 Stat. 695, c. 145, § 4), this provision was, in substance, re-enacted, with a proviso that no appeal shall be allowed in civil cases where the amount of the judgment, exclusive of cost, does not exceed $20. The act of congress approved June 28, 1898 (30 Stat. 499, c. 517, § 14), adopted and put in force in the Indian Territory chapter 29 of Mansfield's Digest of the Statutes of Arkansas relating to the incorporation of cities and towns, and provided that the cities and towns organized thereunder should possess all the powers and exercise all the rights of cities and towns in Arkansas, and in terms provides "that mayors of such cities and towns, in addition to their other powers, shall have the same jurisdiction in all civil and criminal cases arising within the corporate limits of such cities and towns as, and coextensive with, United States commissioners in the Indian Territory:" Another clause of this same section declares, "For the purposes of this section all the laws of said state of Arkansas herein referred to, so far as applicable, are hereby put in force in said Territory."

114 F.—40

Chapter 29 of Mansfield's Digest is not only referred to in "this section," but is actually adopted and put in force for the organization and government of cities and towns in the Indian Territory. Beyond question, this section adopted and put in force in the Indian Territory all the provisions of chapter 29 of Mansfield's Digest, "so far as applicable."

Now, among the provisions of chapter 29 of the Arkansas statute thus adopted is the following:

"Sec. 797. The mayor of the corporation shall be a conservator of the peace throughout its limits, and shall have within the same all the power and jurisdiction of a justice of the peace in all matters, civil or criminal, arising under the laws of the state, to all intents and purposes whatever; and appeals may be taken in the same manner as from decisions of justices of the peace."

Manifestly, the provision of this section allowing appeals from the judgments of mayors in the same manner as appeals from the justices of the peace is "applicable" to mayors in the Indian Territory, and was adopted by section 14 of the act of congress. It was the intention of the act of congress to adopt every provision of chapter 29 of the Arkansas statutes not locally inapplicable or inconsistent with the provisions of the act of congress. The provision allowing appeals from the judgments of mayors is in harmony with the whole scheme of congressional legislation for the administration of justice in the Indian Territory. At the very beginning of legislation establishing courts in that Territory, congress adopted and put in force in the Territory the laws of Arkansas relating to the jurisdiction, pleadings, practice, and modes of proceeding in the courts in that state, from those of justices of the peace up to the supreme court. Where any change in those laws was necessary to meet the different conditions existing in the Indian Territory it was usually made by express exception or addition.

It is inconceivable that congress intended to impair the harmony and symmetry of this system of laws by denying an appeal from the judgment of a mayor when exercising the jurisdiction of a justice of the peace and allowing an appeal from the judgment of a United States commissioner when exercising precisely the same jurisdiction. No reason can be suggested for allowing the right in one case and denying it in the other.

When chapter 29 of Mansfield's Digest was adopted and put in force in the Indian Territory the provision of that chapter allowing appeals from the judgments of mayors was adopted and made applicable to the judgments of mayors in that Territory.

The judgment of the United States court of appeals in the Indian Territory, and the judgment of the United States court for the Southern district of the Indian Territory, are each affirmed.