DELIA LEE *vs.* ANNIE L. TARPLIN & another.

Suffolk.   December 12, 1906. — January 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bankruptcy.*

By the express provisions of the bankruptcy law of 1898 the debt created by a judgment in an action of tort for obtaining property by false representations is not barred by a discharge in bankruptcy.

HAMMOND, J.   This is an appeal from a decree reaching and applying toward the payment of a judgment debt due from the defendant Samuel Tarplin to the plaintiff, a certain parcel of land the record title to which stands in the name of the defendant Annie L. Tarplin, the wife of Samuel.  The evidence not being reported, the only question is whether the facts found by the trial judge and reported to this court under the statute will support the decree.

Upon an inspection of these facts there can be but one answer. It is perfectly clear that the original liability of Samuel Tarplin was for obtaining property by false representations, and it is equally clear that under the bankruptcy statutes the judgment founded thereon is also to be regarded as such a liability. Lowell on Bankruptcy, § 435, and cases cited.  *Warner* v. *Cronkhite,* 6 Bissell, 453.  *In re Whitehouse,* 1 Lowell, 429. *In re Patterson,* 2 Bened. 155.  The debtor therefore was not released from it by his discharge in bankruptcy.  U. S. St. of 1898, c. 541, (as amended by the U. S. St. of 1903, c. 487,) § 17, a, 2.

It is also clear that the real estate described in the decree is held by Annie in fraud of the creditors of her husband Samuel. The facts support the decree.

The plaintiff moves for double costs, and, in view of the frivolous nature of the appeal, the motion is granted.  The interlocutory and final decrees are both affirmed, with double costs ; and it is

*So ordered.*

*D. B. Beard,* for the defendants.

*H. F. Lyman,* for the plaintiff, was not called upon.