the denial in this case was not such as to call for proof of the official character of the petitioner, and should have been disregarded at this trial.

Irrespective of the question whether the denial created an issue, the petitioner was not bound to introduce affirmative proof that he was Commissioner of Excise. Facts of universal notoriety need not be proved. Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200. Courts must be allowed to know what is known by all persons in common. Wynehamer v. People, 13 N. Y. 378. Courts will take notice of the fact that diamond stack and straight stack spark arresters are in very general use upon the railroads of the country (Frace v. N. Y., L. E. & W. R. R., 143 N. Y. 182, 38 N. E. 102); of matters of public history, such as the existence of the late Civil War and the particular acts which led to it (Swinnerton v. Columbian Ins. Co., 37 N. Y. 174, 93 Am. Dec. 560); of the existence of the taxing branch of the government, state and municipal, and that officers exercising the various functions of levying a tax and performing the duties of a taxing officer under the statute are at least de facto officers for such purpose, and give force and effect to their acts in like manner as they do to the acts of other public officers (City of New York v. Vanderveer, 91 App. Div. 303, 86 N. Y. Supp. 659); and of the population of counties and of their public officers (Farley v. McConnell, 7 Lans. 428, affirmed 52 N. Y. 630).

Upon the same principle courts will judicially know the various officers of the state, whether appointed by the Governor or elected by the people. I think the trial court might have taken judicial notice that the petitioner is the State Commissioner of Excise, and that, being so, the order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

═══════════

### STANDARD SEWING MACH. CO. v. KATTELL.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. PLEADING (§ 214*)—DEMURRER—ADMISSIONS—CONCLUSIONS OF LAW.
    In an action for false representations made to induce plaintiff to sell machines, where the defense was defendant's discharge in bankruptcy, an allegation of the answer, that the alleged cause of action was not one of the claims which is excepted from the effect of a discharge under the Bankruptcy Act, was an allegation of law, and hence was not admitted by demurrer.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 527; Dec. Dig. § 214.*]

2. BANKRUPTCY (§ 426*) — DISCHARGE — LIABILITIES DISCHARGED—ACTION FOR FALSE REPRESENTATIONS.
    Defendant's discharge in bankruptcy, after the accrual of a cause of action against him for fraudulent representations made to induce plaintiff to sell him machines, was not a defense to the action.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 792; Dec. Dig. § 426.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** BANKRUPTCY (§ 318*)—DEBTS PROVABLE—GOODS SOLD AND DELIVERED.

Under Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), allowing debts to be proved which are founded upon an open account or upon a contract, an account for the balance due for goods sold and delivered was provable against a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 469; Dec. Dig. § 318.*]

**4.** BANKRUPTCY (§ 426*)—ACTIONS—ELECTION OF REMEDIES.

After commencement of an action for goods sold, defendant was adjudged a bankrupt, and plaintiff proved his claim in the bankruptcy proceeding and received dividends on his claim with the other creditors. Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), provides that a discharge in bankruptcy shall release all liabilities except for obtaining property by false representations, etc., and section 63 (30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]) makes a claim upon an open account provable in bankruptcy proceedings. *Held*, that plaintiff did not thereby elect to waive fraud on the part of defendant by which the sale was induced, and he could maintain an action for such false representations, though further dividends were to be paid him in the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 792; Dec. Dig. § 426.*]

**5.** BANKRUPTCY (§ 426*)—DISCHARGE—EFFECT.

The withdrawal by plaintiff of objections made to defendant's discharge in bankruptcy, on the ground that a debt created by defendant's fraudulent representations was not satisfied, would leave plaintiff in the same position as if the objections had not been made, so that defendant's discharge would not be an adjudication that there was no fraud, under Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), providing that a discharge in bankruptcy shall not release liabilities for obtaining property by false representations, as, under the statute, plaintiff's failure to urge that objection would not bar an action for the fraud after defendant's discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 792; Dec. Dig. § 426.*]

**6.** ABATEMENT AND REVIVAL (§ 8*)—PENDING ACTION—IDENTITY OF CAUSE OF ACTION.

The pendency of an action to recover the balance due for goods sold does not bar a subsequent action for fraud in inducing the sale; the actions requiring different evidence to support them.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39, 40; Dec. Dig. § 8.*]

**7.** ABATEMENT AND REVIVAL (§ 8*) — PENDING ACTION—IDENTITY OF ACTION—TEST.

Whether an action is barred by the pendency of another action depends upon whether the same evidence is necessary to establish both causes of action.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39, 40; Dec. Dig. § 8.*]

Appeal from Special Term, Broome County.

Action by the Standard Sewing Machine Company against Charles W. Kattell. From an interlocutory judgment overruling a demurrer to parts of the answer, plaintiff appeals. Reversed, and demurrer thereto sustained.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Roswell W. Keene, for appellant.
Hinman, Howard & Kattell, for respondent.

SMITH, P. J.. The complaint is for damages for false and fraudulent representations made by the defendant for the purpose of inducing the sale to the defendant by the plaintiff of certain sewing machines and sewing machine supplies. The goods sold upon such fraudulent inducement amounted in value to the sum of $42,600. Upon this amount certain payments have been made, so that at the time of the commencement of the action there was due $17,667.98. For this amount plaintiff demands judgment. The defendant served an answer to this complaint which was afterwards superseded by an amended answer. The learned judge at Special Term correctly held that a demurrer to any part of the original answer after the service of the amended answer was not authorized. The demurrer stands therefore as a challenge to the fourth and sixth defenses set forth in the defendant's amended answer.

The fourth defense is to the effect that, since the incurring of the indebtedness alleged in the complaint, the defendant had duly petitioned for a discharge in bankruptcy, and that such proceedings were thereafter had that the defendant had been duly adjudicated a bankrupt and duly discharged from all his debts, except such debts, if any, as were excepted from an operation of a discharge in bankruptcy. The defendant further alleges in said answer that the alleged and pretended claim and cause of action of the plaintiff arose before the commencement of such proceedings and before such discharge, and was one of the claims that was provable in bankruptcy against the defendant, and was not one of the claims which is excepted from the effect of a discharge under the said Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). If this last allegation be an allegation of fact, then the demurrer is properly overruled, because under the allegations of the answer the discharge in bankruptcy was a complete defense to the plaintiff's claim; but the allegation is one of law, and not of fact. The intent of the plaintiff in its pleading is unmistakable. There is no attempt to allege two causes of action, one in contract and one in fraud. The complaint is not one of those from which a cause of action in contract could be spelled out regarding the allegations of fraud as surplusage. The false and fraudulent representations are so clearly made the basis of the plaintiff's cause of action that no recovery could be had upon any other cause of action without a clear violation of the rule that the judgment must follow the pleadings. From this interpretation of the complaint it follows that the allegation of the answer that the plaintiff's claim is not one of those excepted from the effect of a discharge in bankruptcy is an allegation of law, and not an allegation of fact. Without such allegation the fourth defense in the defendant's answer would seem to set up the defendant's discharge in bankruptcy as a complete defense to the plaintiff's cause of action for damages for false and fraudulent representations. The demurrer to the fourth defense therefore should have been sustained.

Defendant's sixth defense is also challenged by plaintiff's demurrer. In that defense it is alleged: That in or about August, 1906, this plaintiff commenced an action against this defendant upon contract to recover the balance due as for goods sold and delivered; that such action is still pending; that upon April 25, 1907, the defendant was duly adjudicated a bankrupt; that thereupon the plaintiff appeared in said bankruptcy proceedings and filed proof of its said claim, including the costs of said action, and accepted and received the dividend thereon with the other creditors of defendant; that said bankruptcy proceeding is still pending; that another dividend will eventually be declared; that intermediate the filing of said claim by the plaintiff and the payment and acceptance of said dividend, plaintiff filed specific objections to defendant's discharge upon substantially the same grounds of fraud as are alleged in its complaint, but that plaintiff subsequently and for valid considerations withdrew the said opposition to said discharge; and that by reason of the facts set forth plaintiff had made an election of remedies and its alleged claim is barred, discharged, and satisfied.

It cannot be claimed that plaintiff has elected to waive the fraud and rely upon the contract indebtedness. Being a claim upon an account, it was by the statute one which was provable in bankruptcy under section 63 of the bankruptcy act. By section 17 of that act the discharge in bankruptcy does not relieve a defendant from all his provable debts, nor does it relieve him from a liability "for obtaining property by false pretenses or false representations." Attention is called to the provisions in section 33 of the bankruptcy act of March 2, 1867 (14 Stat. 533, c. 176), which provided that no debt created by fraud of the bankrupt should be discharged, "but the debt may be proved and the dividend thereon shall be a payment on account of said debt." This provision was left out of the present bankruptcy act. Notwithstanding that fact, however, it has been held that under the present bankruptcy act the proof of a debt in bankruptcy proceedings is not such an election as waives the right to proceed to recover the same debt as created by fraud and not discharged by the bankruptcy act. Frey v. Torrey, 70 App. Div. 166, 75 N. Y. Supp. 40, affirmed 175 N. Y. 501, 67 N. E. 1082.

While this case was overruled as to a construction of one part of the statute in Crawford v. Burke, 195 U. S. 186, 25 Sup. Ct. 9, 49 L. Ed. 147, this authority has never been questioned upon the proposition to which it is here cited, and by the amendment of the bankruptcy act in 1903 (Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1026]) the holding in Crawford v. Burke, supra, has been made immaterial. We conclude therefore that under the allegations in this defense the plaintiff has not elected to proceed upon contract rather than upon fraud.

It is further urged, inasmuch as the plaintiff was a party to the bankruptcy proceedings and interposed objections to the discharge based upon these same allegations of fraud and afterwards withdrew them, that the decree discharging the defendant was an adjudication as between the plaintiff and the defendant that there was no fraud which

could be raised as a barrier to the defendant's discharge. I assume that, as the plaintiff raised these objections and withdrew them, its position would be the same as though, while a party to the proceeding, this objection was not raised. If such were the case, I think it could hardly be claimed that the discharge in bankruptcy would be deemed an adjudication as between the plaintiff and the defendant that there was no fraud. The plaintiff might have elected to oppose a discharge and have used the fraud for that purpose. On the other hand, it may have been willing that the defendant should be discharged from all his provable debts except such as were excepted under the statute, in which class was its claim. Failure to present these facts therefore, as an objection to defendant's discharge, could not estop the plaintiff from thereafter maintaining an action for the defendant's fraud. Otherwise the statute would be inoperative. Because the statute itself excepts liability for fraud from the effect of the discharge, plaintiff's rights were saved from the bar of the adjudication.

Nor can the defendant's plea of another action pending prevail. This action is one for fraud. The other action is one on contract. The efficacy of this defense is tested by the rule that the same evidence is necessary to establish both causes of action. It will not here be claimed that this plea can be sustained upon this test. Dawley v. Brown, 79 N. Y. 390; Cobb v. Cullen Bros., 68 App. Div. 179, 74 N. Y. Supp. 56.

The interlocutory judgment should therefore be reversed, and the demurrers to the fourth and sixth defenses in the defendant's amended answer sustained, with costs in this court and at Special Term.

Interlocutory judgment reversed, and demurrers to the fourth and sixth defenses in the defendant's amended answer sustained, with costs in this court and at Special Term. All concur.