(84 Misc. Rep. 37)

### BUSHANSKY v. LANTINBERG.

(Supreme Court, Appellate Term, First Department. February 11, 1914.)

PLEADING (§ 8*)—PLEA TO JURISDICTION—SUFFICIENCY.

An answer, alleging as a separate defense merely "that this court has not jurisdiction of the person of the defendant," without stating the facts establishing want of jurisdiction, is demurrable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

Appeal from City Court of New York, Trial Term.

Action by George Bushansky, an infant, etc., against David Lantinberg. From judgment for defendant, plaintiff appeals. Reversed.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

M. Weinstein, of New York City (Louis Weinberger, of New York City, of counsel), for appellant.

Max H. Newman, of Brooklyn, for respondent.

SEABURY, J. The plaintiff, through his guardian ad litem, sues the defendant in the City Court of New York to recover damages for an assault alleged to have been committed by the defendant upon the plaintiff. The answer alleges as a separate defense "that this court has not jurisdiction of the person of the defendant." The plaintiff demurs to this defense on the ground "that it is insufficient in law on the face thereof." The court below overruled the demurrer, thereby adjudging said defense to be sufficient.

If the defendant desired to plead that the court had no jurisdiction of his person, it was incumbent upon him to allege the facts which he claimed established that the court was without jurisdiction. If he had done this, the issue of fact upon which jurisdiction depended might be litigated upon the trial. The naked statement that the court did not have jurisdiction of his person was a mere conclusion and amounted to nothing. Holland v. Grote, 193 N. Y. 262, 270, 86 N. E. 30; Standard Sewing Machine Co. v. Kattell, 132 App. Div. 539, 117 N. Y. Supp. 32; Gervais v. Chicago R. Co. (Sup.) 13 N. Y. Supp. 589; Ubart v. B. & O., 117 App. Div. 831, 102 N. Y. Supp. 1000. In the last-named case, Mr. Justice Gaynor said:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"A plea to the jurisdiction for nonresidence, or any other question of fact, has to be made now, as formerly, by the defendant. The plea or defense of no jurisdiction has not been abolished. A party may not be surprised by such a question on the trial. Where jurisdiction depends on a question of fact, the fact must be made an issue by the pleadings in order to be litigated, and as the fact is decided so is the question of jurisdiction determined."

Judgment is reversed, with costs and disbursements to the appellant, and the demurrer to the separate defense is sustained, with costs, with leave to defendant to plead over within six days after service of a copy of the order entered herein with notice of entry in the City Court upon payment of said costs. All concur.