Pettingell, P. J.
Action of contract in which the plaintiff seeks recovery on a promissory note dated, August 10, 1940, and executed by the defendant. The trial judge found that the defendant signed such a note. The answer is a general denial, payment and a discharge in bankruptcy.
The trial judge found further that the defendant, on August 10,1940, being indebted to the plaintiffs in the amount of $119.09, sought a further loan of $200’ and delivered to the plaintiffs a financial statement, setting forth therein that, exclusive of the amount then due the plaintiffs, his total indebtedness and liability on that date did not exceed $75.00. The trial judge ruled that the evidence warranted a finding that this was a materially false statement, and *304 a finding that the .plaintiffs did not know that it was a false statement, but did not warrant a finding that the defendant knew it was a false statement nor a finding that the statement was made by the defendant for the purpose of inducing the plaintiffs to cancel past interest and renew credit. He ruled, also, that the evidence did not warrant a finding that the plaintiffs loaned the money advanced by them, relying upon the financial statement made by the defendant.
The trial judge further found and ruled that,
“The burden was upon the Plaintiffs to prove the defendant made an intentionally false statement to obtain credit and that the Plaintiffs relied upon such statement. Under the circumstances herein disclosed, I am unable to find that the Defendant intended to make such false statements or that the Plaintiffs relied upon these statements, in view of their previous dealings.”
The law in this particular is that a conscious intent to defraud does not have to be found. Even where there is no such intent, or any purpose of defrauding a specific credit- or, one is presumed to know the natural consequences of his act; the intent which has to be shown in such cases, is an “intent to do something which one knows to be untrue and as the result of which another is likely to suffer loss. In other words, the bankrupt did not intend to bring about a situation which would result in financial loss to the creditors, but he did a thing, acting upon which the credit- or gave credit and suffered loss * * *. In re Rosenfield, 1 Fed. Supp. 924.”
In in re Muscara, 18 Fed. Rep. (2d) 606, the court said, upon a very similar state of facts.
“As to the second exception relating to the false statement the special master was of the opinion that the objection to the discharge of the bankrupt failed *305 because the evidence tends to negative ‘an intention to deceive’ and because the special master could not find as a fact that credit was extended by reason of reliance upon the statement. The special master did not expressly find whether the statement was true or false. In our opinion the evidence clearly establishes that the statement was false and we cannot agree with the special master in his conclusion that the evidence negatives ‘an intention to deceive’ and that there was no evidence that credit was extended by reason of a reliance upon the statement. In fact we believe that the exact opposite is the only correct and proper deduction to be made upon the evidence ‘A rational human being is presumed to intend the natural and probable consequences of his words’ in re Perlmutter 43 American Bankruptcy Reports, 256, Fed. 862.”
Applying the law to the undisputed facts in this case it appears that the defendant, in order to obtain further credit from the plaintiffs made a statement in writing which was untrue. The trial judge ruled that the burden was upon the plaintiffs to prove that it was an intentionally untrue statement. The evidence shows that it was untrue. The law of in re Perlmutter, and in re Muscara, already cited, is that, under the circumstances there is a presumption that the defendant intended to bring about the material and probable consequences of his act. In other words the plaintiffs have shown a state of facts which creates a presumption which the defendant must rebut if he is to prevail. The only evidence which the trial judge cites as sufficient to destroy that presumption is an inference which he draws from the previous relations of the parties as to which there is no evidence in the report except the fact that the defendant had previously borrowed money from the plaintiff. There is nothing to show that a financial statement had ever been made or requested before. The fact that the plaintiffs requested it is not a factor. “The bankrupt’s mere statement that he *306 had no intent to deceive or defraud is insufficient to overcome the force of the presumption.’’ In re Slohn, 10 Fed. Supp. 351, at 353. In re Rosenfield, 1 Fed. Supp. 924.
In our opinion, considering the presumption thus created against the defendant, it was prejudicial error to rule that the evidence did not warrant a finding that the statement was known by the defendant to be false, in disposition of the 10th- requested ruling, and did not warrant a finding that it was made by the defendant for the purpose of inducing the plaintiffs to cancel past interest and credit, in disposition of the 11th request. The trial judge’s statement that he was unable to find that the plaintiffs relied upon the statement, with his denial of the defendant’s 11th request that the evidence warranted such a finding, in our opinion reflects his lack of recognition of the existence of the presumption already discussed or the statement of the law as contained in the various cases cited. One is not confined to one source of information in such a case; he may rely upon more than one source and such reliance is no protection for the debtor who renders a false statement, in re Muscara, supra.
Furthermore, a debtor is chargeable with knowledge of his indebtedness and failure to make a true statement constitutes such a reckless indifference to the facts as will prevent a finding that he had no knowledge that the statement was false. Third National Bank v. Schatten, 81 Fed. Rep. (2d) 538.
The trial judge denied the defendant’s 2d and 3d requests as “vague”, also the latter’s 12th request. These requests all have to do with the right of a plaintiff to sue on a claim such as is found here, if the money was paid as a result of a false written statement, and the debtor subsequently secures a discharge in Bankruptcy. The trial judge granted the 1st requested ruling which states *307 that the creditor may sue on the contractual obligation despite the discharge. This is the law. In re Alvino, 111 Fed. Reporter (2d) 642. He granted the defendant’s 17th requested ruling, apparently basing that ruling upon his findings, already referred to, that the burden was upon the plaintiffs to prove an intentionally false statement and that he was unable so to find. On the same set of facts, he denied the defendant’s third requested ruling, which announces the right of a creditor, who has not appeared in the Bankrupcy Court, to sue on the claims in the state court.
In our opinion the 3d request was not vague but was specific, raising a question of pertinent law. Such a credit- or who has not filed his claim in the Bankruptcy Court is not barred from proceeding in the State courts. In re Levine, 28 Fed. Supp. 819, at 820. Friend v. Talcott, 288 U. S. 27. In re Alvino, 111 Fed. Reporter (2d) 642, at 643. Personal Finance Co. of Colorado v. Martinez, 115 Fed. Reporter (2d) 226, at 227. Standard Sewing Machine Co. v. Kattel, 117 New York Supp. 32.
We are of opinion there was prejudicial error in the denial of the defendant’s 7th, 10th, 11th and 12th requested rulings; we are of opinion, also, that the disposition of the 3d request as well as the rulings of the trial judge as to the burden of proof and his failure to recognize the presumption created by the defendant’s acts found as fact by him, display such an uncertainty as to the principles of law actually applied to the facts that a new trial is necessary. Clarke v. Massachusetts Title Ins. Co. 214 Mass. 31, at 32, 33. DeYoung v. Frank A. Andrews Co., 214 Mass. 47, at 50. Kaufman v. Sydeman, 251 Mass. 210, at 217. Russell v. Foley, 278 Mass. 145, at 148, 149. Markiewivz v. Toton, 292 Mass. 434, at 437. A party “has the right to have a judge apply *308 the correct principles of law to the facts found.” Commonwealth v. Albert, Mass. Adv. Sh. (1942) 317, at 326.
'The finding for the defendant is to be vacated; case to stand for a new trial.