Pettingell, P. J.
Action of contract or tort. The plaintiffs allege that they recovered a judgment in the East Bos *87 ton District Court against the defendant on a note made in 1937; that before making the note the defendant signed a financial statement which induced the plaintiffs to make the loan for which the note was given, and that the financial statement was a material misrepresentation of the financial condition of the defendant at the time that it was made.
To the plaintiffs’ action on the judgment recovered on the 1937 note the defendant filed an answer on the merits, a plea to the jurisdiction in which he set forth that any question concerning the right of the defendant to a discharge of the plaintiffs’ claim in bankruptcy was not open in the East Boston District Court. This was disallowed. He filed also an answer in abatement, setting up the pendency of bankruptcy proceedings in the United States District Court, that he had been adjudicated a bankrupt, and that the plaintiffs’ claim had been included in the bankruptcy schedules.
There was a hearing on the plea to the jurisdiction and the answer in abatement at the close of which the plaintiff filed the following requests for rulings:
1. Where a person who has been adjudicated a bankrupt obtained money or property on credit or obtained an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition, a creditor from whom the bankrupt has obtained money or property on credit by maldng or publishing such materially false statement in writing may maintain an action on the contractual obligation and an action for obtaining money by false pretenses. Bankruptcy Act of 1938, Sec. 17a (2). Zimmern v. Blount, 238 Fed. 740 (CCA 46h Cir.). In re Alvino, 111 Fed: (2d) 642. Family Small Loan Company of Richmond v. Mason, 67 Fed. (2) 207. “ Since the claim asserted in the State Court was prosecuted in good faith and was one from which the bankrupt would not be released by a discharge in bankruptcy, it was error to enjoin the prosecution of *88 the State Court action.” Personal Finance Company of Colorado v. Martinex, 115 Fed. (2d) 226. See also Harper v. Rankin, 114 Fed. 626, and In re DeGraff, 22 Fed. (2) 163. Railroad Employees Personal Loan Company v. Frank Dillon, 123 N. J. L. 31. 2. Where circumstances as shown in Paragraph 1 of these Requests for Rulings exist, it makes no difference whether the creditor files a Proof of Claim, and a fortiori whether he is listed as a creditor on the bankruptcy schedules. This action does not amount to a waiver of the right to institute an action in the State Court. Friend v. Talcott, 228 U. S. 27. “It has been held that under the present bankruptcy act the proof of a debt in bankruptcy proceedings is not such an election as waives the right to proceed to recover the same debt as created by fraud and not discharged by the Bankruptcy Act.” Standard Sewing Machine Co. v. Kattell„ 132 App. Div. 539, 117 N. Y. Supp. 32. See also In re Menzin, 238 Fed. 773. Bankruptcy Act of 1938, Sec. 17a (2). Watts et als. v. Ward, 7 Mass. A. D. R. 303. 3. Where a person signs a promissory note and a financial statement, the note being payable to a creditor and the creditor loaning money to the person in reliance on said financial statement, and where said financial statement was a materially false statement in writing as to the person’s liability on that date, and where the creditor did not know and had no reason to know that said financial statement was a materially false statement, the transaction constitutes the obtaining of money and property by false pretenses and false representations within the meaning of section 17 of the Bankruptcy Act of 1939. Samet v. Farmers Bank, 247 Fed. 669. In re Weitzman, 11 Fed. (2) 897. Watts et als. v. Ward, 7 Mass. A. D. R. 303. Workingmen’s Loan Association v. Lesley Magoon, 9 Mass. A. D. R. 208. 4. A contractual obligation such as a promissory note which is created by a materially false statement in writing by the maker of the note respecting the financial condition of said maker is not such an obligation as is capable of being discharged in bankruptcy, and where an action is brought on such an obligation, it is immaterial whether or not the defendant ever obtained a discharge in bankruptcy. Personal Finance Company of Colorado v. Martinez, 115 Fed. (2d) 226. *89 Zimmern v. Blount, 238 Fed. 740 (CCA 4th Cir.). Mathewson v. Naylor, 18 Cal. App. 2d 741, 64 Ps. 979. Symmes v. Rollins, 146 S. E. 42 (C. A. Georgia, 1928). 5. Where judgment antedates the bankruptcy recovery may be allowed on a judgment for a contractual liability when the liability grows out of the Defendant’s fraud. See Brown v. Hannigan, 210 Mass. 246; see also Remington on Bankruptcy, Volume 7, Section 3540. (a) Where circumstances exist as in Request No. 5 the action of the judgment is not res judicata.
Of these requests the trial judge allowed all but request 5a which he denied.
He made, also the following ruling.
“I also rule that clause (1) of the defendant’s plea in abatement namely: ‘that there is pending in the United States District 'Court for the District of Massachusetts, a petition in bankruptcy filed by the defendant in which is included this cause of action’ is a plea of res judicata, and that the cause of action described in the plaintiffs’ declaration is res judicata.”
In its main features the case is governed by the decision in this Division in 1942 of the case of Watts v. Ward, 7 Mass. Appellate Division Reports 303, in which the plaintiff sued on a promissory note and the defendant set up a discharge in bankruptcy in defense. The trial judge ruled that the evidence warranted a finding that the defendant had filed a materially false financial statement but did not warrant a finding that the false statement was known by the defendant to be a false statement or that it was made by the defendant for the purpose of inducing the plaintiff to make the loan represented by the note sued on. Based on In re Rosenfeld, Fed. Supp. 924. In re Muscara, 18 Fed. Rep. (2d) 606, In re Perlmutter, 43 American Bankruptcy Reports 256, and In re Slohn, 10 Fed. Supp. 351, at 353, this division decided that there was prejudicial error in the denial of certain of the plaintiffs’ requests as failing to recognize the presumption created by the defendant’s *90 act in filing such a false statement as is set forth in the Federal cases cited. Prejudicial error was also found in the ruling of the trial judge that a creditor who has not filed a claim in the bankruptcy court has no right to sue in the State court on such a contractual obligation. In re Levine, 28 Fed. Supp. 819, at 820. Friend v. Talcott, 288 U. S. 27. In re Alvino, 111 Fed. Reporter (2d) 642, at 643. Personal Finance Co. of Colorado v. Martinez, 115 Fed. Reporter (2d) 226, at 227.
The essential difference between Watts v. Ward ánd the present case is that in that case the action was on the original claim while here it is on a judgment recovered on the ''original claim. The trial judge ruled here in effect that a judgment having been recovered on the original note, the original claim was so merged with the judgment that the feature of fraud, attached to the original claim was extinguished by merger in the judgment. Bangs v. Watson, 9 Gray 211, at 213. Pierce v. Eaton, 11 Gray 398, at 399, 400. Wolcott v. Hodge, 15 Gray 547, at 548. Handrahan v. Cheshire Iron Works, 4 Allen 396, at 397, 398. Standard Oil Co. of New York v. Y. D. Supplies Co., 288 Mass. 453, at 456.
These cases, however, were all before the passage of the Federal Bankruptcy Act of 1898 which as amended provides that certain claims are expressly excepted from the operation of a bankruptcy discharge.
Beginning with Lee v. Tarplin, 194 Mass. 47, and continuing with Brown v. Hannagan, 210 Mass. 246, at 248, Leman v. Locke, 240 Mass. 551, at 553, 554, and Yale University v. Weissner, 296 Mass. 239, at 241, 242, the Supreme Judicial Court has consistently held that if an original claim has features which render the claim exempt from the bar of a discharge in bankruptcy, there is no loss by merger of those features in a judgment recovered on the original claim, and a discharge in bankruptcy is no more a bar to the judg *91 ment than it is to the original claim. In two of the cases cited, Lee v. Tarplin, supra, and Brown v. Hannagan, supra, and the doctrine of merger was discussed and the. discharges granted were held not to be a bar to recovery. In Leman v. Loche, supra, the doctrine was restated but the court said, at page 554, “The question, whether, notwithstanding the judgment, the discharge would be effective if suit had been brought on the original cause of action is not presented by the record.” In Yale University v. Weissner, supra, the court restated the doctrine as to merger, but decided the case on another point.
Thus we have two definite decisions in this jurisdiction that under the present Bankruptcy Act a judgment on a claim which is not barred by a discharge in bankruptcy is itself not barred, the judgment retaining those features which prevented the barring of the original claim. This definitely disposes of the defendant’s contention.
When the defendant speaks of res judicata he is incorrectly describing the doctrine applicable. Res judicata and loss by merger in a judgment are two similar but distinctly different doctrines. Discussion of the difference between the two, however, is profitless here as the decided eases cited clearly rule that a discharge in bankruptcy does not bar a judgment if the original claim was not barred, the simple relation of debtor and creditor not having been created by the judgment as is the case in the other Massachusetts eases cited which do not depend upon the 1898 Bankruptcy Act.
There are two judicial acts contained in the report, as to which the plaintiffs claim prejudicial error. The trial judge disallowed the plea to jurisdiction as to which there can be no contention of error. But he allowed the defendant’s answer in abatement giving as a reason that by recovery of judgment the plaintiffs ’ claim had become res judicata and *92 he denied plaintiffs’ request 5a which properly raised the same issue.
His action in these particulars was clearly prejudicial error and entitles the plaintiffs to relief. It appears from the record, however, that there was an answer on the merits which apparently has never been passed upon.
The allowance of the defendant’s answer in abatement is to be overruled and the case is to stand for further action on the pleadings.