(42 App. Div. 238.)

## ORCUTT v. RICKENBRODT.

(Supreme Court, Appellate Division, Fourth Department. June 16, 1899.)

1. CONDITIONAL SALES—REMEDIES OF SELLER—ELECTION.

Where property was sold on condition that title should not vest in the buyer till full payment of the price, and afterwards the buyer gave a note for the balance due, the seller, by suing on the note, elects his remedy, and cannot afterwards take the property on failing to collect.

2. SAME.

The fact that the action on the note was discontinued by consent is immaterial, especially where the buyer had in the meantime resold the property.

3. APPEAL—RECORD—CERTIFICATE—EVIDENCE.

A certificate that the case contains "all the testimony given, all of the exhibits of the parties, and all the proceedings had upon the trial," shows that the case contains all the evidence that has any bearing on any disputed question of fact.

Appeal from Chautauqua county court.

Action by Amelia Orcutt against Jacob F. Rickenbrodt. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

Thomas H. Larkins, for appellant.

S. W. Mason, for respondent.

ADAMS, J. The plaintiff brings this action to recover damages for the alleged conversion by the defendant of a piano which the plain-

tiff claims to have purchased of her husband, James Orcutt.  Such purchase was evidenced by a bill of sale under seal, dated May 11, 1896, which recited a full consideration of $204.  The piano was originally purchased by Orcutt of one J. W. Reid under a special contract by the terms of which the title to the piano was to remain in the vendor until the purchase price thereof ($350) had been fully paid. Orcutt paid $50 at the time of executing the contract, but has paid nothing since.  He, however, at the request of Reid, gave the latter his promissory note for $300, the balance of the purchase price, and after this note matured Reid brought an action thereon in the supreme court.  Issue was joined by the service of an answer, and while the action was pending Orcutt sold the piano to his wife. Subsequently the action was discontinued by stipulation of the attorneys for the respective parties.  The contract in question was assigned by Reid to the defendant, Rickenbrodt, who immediately took the piano into his possession, and this action was thereupon brought.

The plaintiff's title to the piano was doubtless subject to whatever interest the defendant, as assignee of Reid, acquired therein by reason of the original contract of sale.  This contract, as has been stated, was a conditional one, and by its provisions the vendor reserved to himself the right to terminate the same, and take the piano from the possession of the vendee, in the event that the latter did not make his payments according to the terms of the contract, which it is virtually conceded he failed to do.  It consequently follows that the plaintiff, as vendee of her husband, obtained no title to the piano as against the defendant, provided the latter is in a position to assert the right hereinbefore referred to, which the contract secured to his assignor.  The simple question, therefore, to be determined upon this review is whether or not the defendant is estopped from terminating the contract, and claiming title to the piano, by reason of the action brought upon the $300 note by his vendor, Reid.  This note, as has been stated, represents the unpaid purchase price of the piano; and although there is some evidence tending to show that it was taken by Reid as collateral to, and not in satisfaction of, the contract, it was nevertheless received by him in lieu of the money payments therein specifically provided; for he not only had it discounted at the bank, but, after it matured, he attempted to collect the same by action, alleging in his complaint that the note was given for a good and valuable consideration.  This we think was clearly an election on the part of Reid to pursue one of two inconsistent remedies, either of which was available to him at the time such election was made; and, having elected to resort to an action upon the note, he has concluded himself and all persons claiming under him from asserting his or their right under the contract to retake the piano.  In other words, he has treated the note as a payment of the purchase price of the piano, and has thereby deprived himself and his assignee of the right to resort to the alternative remedy.  Wright v. Pierce, 4 Hun, 351; Boots v. Ferguson, 46 Hun, 129; Kinney v. Kiernan, 49 N. Y. 164; 6 Am. & Eng. Enc. Law (1st Ed.) p. 250.

It is urged, however, that the action thus commenced having been discontinued before it had been prosecuted to judgment, the defend-

ant is not thereby estopped from asserting his right under the contract to take the piano into his possession; but this contention, we think, is not tenable, for the election was made when the action was commenced, and it would be manifestly unjust to permit the vendor, after deliberately making such election, to reinstate himself to the remedy furnished by the contract, especially in view of the fact that the plaintiff had purchased the piano, and paid full value therefor, before the stipulation of discontinuance was entered into. The learned trial judge found as a fact that the plaintiff is not the owner of the property described in the complaint, and that she is not entitled to the immediate possession of the same, and it is contended that this finding is conclusive upon this court, inasmuch as the record does not show that it contains all of the evidence bearing upon the disputed questions of fact. This contention is also one which, we think, cannot be sustained, for the reason that the learned county judge certifies that the case contains "all the testimony given, all of the exhibits of the parties, and all the proceedings had upon the trial," and this is equivalent to certifying that it contains all the evidence which has a bearing upon any disputed question of fact.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.