were made upon the property involving an expenditure of about $8,000, when the rent increased to $5,950 a year. Immediately after the operation of the road it fell to $5,036 a year, and the year before the trial the total amount realized was $4,100, making a decrease of $1,850 per year in rents produced. It would be, however, quite unfair to attribute all of this decline to the maintenance and operation of the railroad, as the property also fronts on Beaver street, and there must undoubtedly be something allowed for the change in the character of office buildings which has resulted from the erection of a more modern and improved building than that of the plaintiff. Considering all the testimony, I think that the sum of $600 per year should be allowed for this depreciation of the rental values. As to 173 Pearl street, the amount allowed for depreciation for past damages to the premises was $7,300. It appeared from the testimony that the gross rental of 173 Pearl street decreased from the year 1873, when it was $3,000, to $2,150 for the years 1896 and 1897, being a decrease of $850. In 1877, before the building of the road, the rent received was $2,250. I do not think that the evidence would justify a greater allowance for loss of rental values by these properties in consequence of the elevated railroad than $250 per year, and the same may be said of 179 Pearl street.

My conclusion, therefore, is that the award for rental damages should be reduced to $600 per year for 125 Pearl street, and to $250 per year, each, for 173 and 179 Pearl street; that the judgment should be modified in accordance with the views herein expressed, and, as so modified, affirmed, without costs to either party upon this appeal. All concur, except VAN BRUNT, P. J., and McLAUGHLIN, J., who dissent.

---

AMERICAN BOX-MACH. CO. v. ZENTGRAF.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. CHATTEL MORTGAGES—FORECLOSURE—CONDITIONAL LEASE—FILING—TROVER AND CONVERSION.

Plaintiff sold R. certain machinery, taking a lease thereon, which provided that the title was to remain in him until the notes were paid. This lease was filed as a chattel mortgage, which continued it in force, as notice to third parties, for one year from the date of filing. No refiling was had. R. gave defendant a chattel mortgage on this machinery, which he filed before the expiration of that year. The mortgage was foreclosed, and defendant purchased the machinery at the sale. Plaintiff had no notice of the mortgage, but demanded the property from defendant, who at the time of the sale was notified that R. was not the owner of the machinery. *Held*, plaintiff could maintain an action for conversion of the machinery, although he had not refiled his lease after the expiration of the year, as defendant's right to the property arose under his mortgage, and not merely as a purchaser at the sale.

2. APPEAL AND ERROR—SUBMISSION OF CONTROVERSY.

On the submission of a controversy on agreed facts, the court, on appeal, is not entitled to draw any inference as to the parties' intention as to the legal effect of their contract, but it must be construed according to its terms.

3. SAME—CONDITIONAL SALE—PAYMENT — NOTES — RIGHT TO RECLAIM PROP-
ERTY—WAIVER.
    Where it is agreed that the giving of notes in payment for machinery
    shall not affect the retention of the title to the machinery in the seller
    until such notes are paid, the seller does not abandon his right to reclaim
    the property by an unsuccessful attempt to collect the notes by suit.

Action by the American Box-Machine Company against Charles
F. Zentgraf. Controversy submitted on agreed facts. Judgment
for plaintiff.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and INGRAHAM, JJ.

Evan Shelby, for plaintiff.
Ira L. Bamberger, for defendant.

PATTERSON, J.   This is a submission of a controversy upon an
agreed state of facts, pursuant to section 1279 of the Code of Civil
Procedure; and the question is whether the plaintiff is entitled
to recover against the defendant for the conversion of certain
machines which prior to January, 1898, were delivered by the plain-
tiff into the possession of the firm of Reichert & Co. The machines,
which were of the value of $1,070, were so delivered under a con-
tract, the terms of which were at first set forth in a letter addressed
by Reichert & Co. to the plaintiff, dated January 10, 1898, in which
the plaintiff was requested to ship to the defendant the said ma-
chines "as per terms and conditions named below," viz:

"One-third cash, without discount, thirty days from date of shipment, and
balance in two equal notes of same date at four and three months. All notes
shall contain interest at six per cent. per annum. * * * And we will
keep said property insured to the amount of $1,070 at our expense, against loss
or damage by fire, in some company satisfactory to you, and in your name and
for your benefit, delivering the policy to you, until the sum of $1,070, as above,
is paid in full, and, until the whole sum of $1,070 is paid, said property is to
remain yours, but when such $1,070 is paid in full the property shall become
ours; and, in case of default or violation of any of the terms or conditions of
this lease, you may take possession of and remove said property, wherever
found, without being guilty of any tort. And, if this lease shall terminate
through our failure to perform any of the conditions named, we hereby agree
to return the property to you, cleaned and crated, and in as good, sound condi-
tion as when received, the usual wear excepted. It is also understood, and we
agree, that no portion of this property shall be sold, transferred, assigned, or
removed by us without your written consent; and we further agree to notify
you immediately of any loss or damage by fire which may occur to this prop-
erty during the term of this lease. The delivery by us to you of any promissory
note or commercial paper shall not be deemed a payment of any part of the
aforesaid sum, until such note or paper is paid in full, and shall not preclude
you from enforcing the foregoing agreement."

On the goods being received by Reichert & Co., that firm de-
livered to the plaintiff a second instrument, containing the follow-
ing provision:

"* * * It is understood and agreed that the delivery of these machines
is conditional only; that the title to and ownership of these machines do not
pass to the lessee, but remain in the American Box-Machine Company until
the full payment of this bill, or of all notes and the renewals thereof, repre-
senting the invoice value, or any portion thereof, which the lessee agrees to pay
at maturity, and until maturity the lessee is licensed to use the machines; and,
in case of nonpayment of any of the notes at maturity, the ownership of the

machines still remains in the American Box-Machine Company, but the lessee remains liable on the notes for the face thereof, as compensation to the American Box-Machine Company for the use of the machines."

The cash payment was made by Reichert & Co., and that firm gave two promissory notes for the balance, each for the sum of $350, and each dated February 21, 1898, one payable at three, and the other at four, months, with interest at 6 per cent. That firm subsequently paid the plaintiff $285.48 on account of the first note. The second note never has been paid. A true copy of each of the above-mentioned instruments was filed in the office of the register of New York on January 17, 1898. No refiling was ever had. On September 20, 1898, the plaintiff sued Reichert & Co. to recover the balance due on the first note and the whole amount of the second note. The action was defended, the cause was tried, and judgment recovered by the plaintiff, execution was issued thereupon, and it was returned unsatisfied. On October 25, 1898, Reichert & Co. executed and delivered to this defendant a chattel mortgage on certain personal property. It covered the machines in question, which were then in the possession of the mortgagors. Such chattel mortgage was filed in the office of the register on October 27, 1898. On April 14, 1899, the chattel mortgage was foreclosed, and the machines were sold at public auction to the defendant for $275. The plaintiff had no notice of the chattel mortgage. It demanded the machines from the defendant, who also had notice given him at the time of the sale under the foreclosure of the mortgage that Reichert & Co. were not the owners of the machines, and he was warned not to buy them.

Two questions are presented for our consideration. The first relates to the existence of a right in the plaintiff to maintain the action by reason of the failure to refile the two instruments under which it claims. The original filing continued those instruments in force, as notice to third parties, for a period of one year from the date on which they were filed. If the defendant's right arose after the expiration of that year, there having been no refiling, under the statute, of the instruments under which the plaintiff claims, his present contention would be correct. But his rights arose under the chattel mortgage, and not merely as a purchaser at the sale. When he took his chattel mortgage, the instruments given to the plaintiff were on file, and a year had not elapsed. There was then upon record that evidence which informed him that Reichert & Co. were, without authority, to include in the chattel mortgage the machines which were the subject of the conditional agreement between Reichert & Co. and the plaintiff. What was decided on that point in Meech v. Patchin, 14 N. Y. 71, applies in this case.

2. It is claimed by the defendant that by bringing the action to recover the balance due upon the notes, and by the retention of the money paid on the first note, the plaintiff made an election of remedies, and, as a consequence thereof, abandoned its right to reclaim the property or to assert ownership under the two instruments given to it by Reichert & Co., and that thus that firm became vested with the absolute title to the property. This contention does not ac-

cord with the terms of the agreement between the parties to the transaction. Reichert & Co. were at liberty to contract, and did contract, that the title to the machines should not be changed until full payment of the notes, and to consent that they should hold the machines simply in the relation of lessees thereof, until the articles were fully paid for. On a submission of a controversy, we are not entitled to draw any inference whatever, and we can only construe this contract according to its terms as made between the parties themselves. Fearing v. Irwin, 55 N. Y. 486. The evident object of both was to secure to the plaintiff the full payment of the whole amount of $1,070, and in default of that to allow, in any contingency, the plaintiff to repossess itself of the property. Reichert & Co. were entirely competent to make such a contract. The case differs from those cited by counsel for the defendant to the proposition that the plaintiff waived its right of ownership when it elected to sue to recover the balance of the purchase price. Orcutt v. Rickenbrodt, 42 App. Div. 238, 59 N. Y. Supp. 1008, was a case in which, by the terms of a special contract, the property was to remain in the vendor until the purchase price had been fully paid. When the contract was executed the purchaser paid something on account. Subsequently the seller requested the purchaser to give a promissory note for the balance due. When that note matured, the purchaser sued upon it, and thus plainly transferred his right from the property to a recovery upon the note. That is not this case. Here the notes were given as part of the original transaction, and under the express stipulation that the retention of the title in the purchaser should not be affected by the giving of the notes, nor until those notes were actually and absolutely paid. Whether at the end of legal proceedings, or without them, does not affect the question; for there is nothing inconsistent in suing upon the notes, with the provision of the contract that the title to the merchandise should not be changed until the notes were fully paid. Wright v. Pierce, 4 Hun, 351, was a case under the circumstances of which it was adjudged that there was a waiver of the terms of a conditional sale, where the seller brought his action to recover the unpaid purchase price, leaving the property in the possession of the purchaser. But in that case there was no special contract such as appears here.

We are of the opinion that, under the terms of the contract, the plaintiff's title to the machines was not changed by its suing and recovering upon the notes, and that there should be judgment for the plaintiff for the sum of $275, with interest from April 14, 1899, as asked for in the submission, with costs. All concur.