### HOBART ELECTRIC MFG. CO. v. ROODER.

(Supreme Court, Appellate Term. February 18, 1910.)

SALES (§ 479*)—CONDITIONAL SALES—REMEDIES OF SELLER—ACTION FOR CONVERSION.

    Where a contract of sale provided for payment of the price in monthly installments, and in default in any one of the payments the seller should be entitled to the possession of the chattels, and declared that the title should not pass until the price or any judgment therefor was paid, the seller, obtaining an unsatisfied judgment for the price, could thereafter sue for the conversion of the chattels.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1420; Dec. Dig. § 479.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by the Hobart Electric Manufacturing Company against Charles Rooder. From a judgment for defendant, entered on a verdict rendered by direction of the court, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Albert Woodruff Gray, for appellant.
Karlin & Busch, for respondent.

LEHMAN, J. The plaintiff has brought an action for the conversion of a coffee mill, delivered to defendant under a conditional contract of sale which provided that the payment should be made in monthly installments and that—

"in case of defendant's default in making or failing to make any one of said payments * * * the plaintiff should be entitled to the immediate possession and return of said mill."

The defendant set up in defense that the plaintiff has already recovered a judgment against the defendant in an action arising out of the same transaction, and that this judgment has not been satisfied. At the trial it appeared that plaintiff had already obtained a judgment for the purchase price. Thereupon the trial justice directed a verdict for the defendant, apparently upon the theory that, where the vendor under a conditional contract of sale has sued for the purchase price and obtained a judgment, he has affirmed the sale, and by a proceeding inconsistent with the condition as to the retention of the title in himself has conclusively disaffirmed this condition.

Conceding, without deciding, that this theory is correct as a general statement of law, it has no application to this case. In all the cases cited to the trial justice and appearing upon the briefs upon this appeal, the condition in the contract of sale was actually inconsistent with the assertion in a court of law of the right to the purchase price. Where, however, the contract provides either specifically or by necessary intendment that the vendor shall retain title until full payment is made, either at the end of legal proceedings or without them, there is nothing inconsistent in suing for the purchase price with the provision of the contract that the title to the merchandise should not be changed until the price was fully paid. In American Box Machine Co. v. Zentgraf, 45 App. Div. 522, 61 N. Y. Supp. 417, the court held that an action prosecuted to judgment upon notes given as part of the original transaction, and under the express stipulation that the retention of the title in the purchaser should not be affected by the giving of the notes until those notes were actually and absolutely paid, was no bar to a subsequent action for conversion.

In this case the provision of the contract is even clearer, for it was thereby agreed that—

"the title to the said apparatus shall not pass until the purchase price or any judgment for the same is paid in full, and shall remain your property until that time."

, It certainly cannot be said that the assertion of a right which the contract specifically declares is not to affect the conditional retention of title is inconsistent with the subsequent assertion of title.

. Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.