(159 App. Div. 525)

### RATCHFORD v. CAYUGA COUNTY COLD STORAGE & WARE-HOUSE CO. et al.

(Supreme Court, Appellate Division, Fourth Department.   December 23, 1913.)

1. FIXTURES (§ 20*)—CONDITIONAL SALES—FAILURE TO FILE CONTRACT—EFFECT.

Machinery and apparatus placed upon real estate under a contract of conditional sale retained its character as personal property as against the conditional vendee and a prior mortgagee of the real estate, though the contract was not filed as required by statute.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 44–46;  Dec. Dig. § 20.*]

2. SALES (§ 479*)—CONDITIONAL SALES—REMEDIES OF SELLER—ELECTION.

Where a contract of conditional sale provided that title to the property should remain in the vendor until the entire purchase price, and all notes and other securities given to secure it, or any part thereof, should be actually paid in cash, the bringing of an action on one of the purchase-money notes which was overdue was not such an election of remedies as prevented the vendor or its assignee from claiming title to the property.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432, 1434–1438;  Dec. Dig. § 479.*]

3. SALES (§ 467*)—CONDITIONAL SALES—RIGHTS OF PARTIES.

Contracts of conditional sale stand practically upon the same basis as chattel mortgages, and, equitably, the conditional vendee is the owner, and the vendor holds the property merely as security though the legal title does not pass to the vendee until payment.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1354, 1358–1364;  Dec. Dig. § 467.*]

Robson and Foote, JJ., dissenting.

Appeal from Special Term, Cayuga County.

Action by James E. Ratchford, as trustee, against the Cayuga County Cold Storage & Warehouse Company and others. From a judgment for plaintiff, the defendant York Manufacturing Company appeals.   Modified.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Harry V. Clements, of Auburn, for appellant.
William F. Canough, of Syracuse, for respondent.

KRUSE, P. J.   The action is to foreclose a mortgage covering certain real estate, and the question is whether the machinery and apparatus of the refrigerating plant located upon the mortgaged premises is real estate and covered by the mortgage, or personal property. The machinery and apparatus were placed upon the premises under a contract of conditional sale therefor, made subsequent to the mortgage.   The contract was made by the Shipley Construction & Supply Company, the conditional vendor, with the defendant the Cayuga Cold Storage & Warehouse Company, the conditional vendee, and owner and mortgagor of the premises.   Subsequently, the conditional vendor assigned the contract to the appellant, the York Manufacturing Company, and the machinery and apparatus was furnished and

delivered by it to the conditional vendee. Under the terms of the contract, the purchaser, the conditional vendee, agreed to pay for the machinery and apparatus the sum of $2,350 in four equal payments; the first payment to be made on delivery of the material in Auburn, and the other three payments in 30, 60, and 90 days respectively thereafter, notes to be given at the time of the first payment for the three last payments, bearing interest.

By the terms of the contract it was agreed:

"That the title to and ownership of the machinery, apparatus or plant herein contracted for shall remain in the Shipley Construction & Supply Company until the entire purchase price herein agreed to be paid, and all the notes and other securities given to secure the same, or any part thereof, shall be actually paid in cash."

And it was further provided that in case of default the conditional vendor had the right to enter upon the premises upon which the machinery and apparatus are installed and take possession and remove the same, and should be afforded every facility therefor.

[1] The contract was not filed as the statute relating to such contracts provides. Personal Property Law (Consol. Laws 1909, c. 41) § 63. But of course the owner of the premises had actual notice thereof, as it was a party to the contract.

The learned trial judge held that the property covered by the conditional sales contract retained its character as personal property as against the owner and the prior mortgagee. I think that holding was correct. Fitzgibbons Boiler Co. v. Manhassett Realty Corporation, 125 App. Div. 764, 110 N. Y. Supp. 225; Id., 198 N. Y. 517, 92 N. E. 1084. But the appellant was defeated upon another ground which will be stated presently.

[2] As has been stated, the Shipley Construction & Supply Company assigned the contract to the appellant, the York Manufacturing Company, which thereafter constructed the machinery and apparatus and delivered the same, as provided in the contract, and the first three payments were made to that company. But default was made in the last payment. Thereupon an action was brought by the appellant against the conditional vendee, in the City Court of Auburn, to recover the same. The complaint in that action alleged that the plaintiff therein, the York Manufacturing Company, had sold and delivered at the request of the defendant and duly installed certain refrigerating machinery and attachments, at the price therein stated, which the defendant had agreed to pay, stating the amount and the terms of payment as in the contract; and that there remained due and owing to the York Manufacturing Company from the Cayuga Cold Storage & Warehouse Company the sum of $587.25, together with interest from the 11th day of March, 1910, no part of which had been paid. The learned trial judge held that the prosecution of that action was such an election of remedies as precluded the York Manufacturing Company from holding the machinery and apparatus under the provisions contained in the conditional sales contract.

Orcutt v. Rickenbrodt, 42 App. Div. 238, 59 N. Y. Supp. 1008, and Avery v. Chapman, 127 N. Y. Supp. 721, are relied upon to support

that conclusion. The Orcutt Case was an action for the conversion of a piano, brought by a purchaser from a conditional vendee, against the assignee of the conditional vendor. The vendee had paid $50 at the time of executing the contract of conditional sale, and later he gave to the vendor his promissory note for $300 for the balance of the purchase price. Thereafter the vendor sued the note, but the action was subsequently discontinued. The vendor assigned his contract and the assignee took possession of the piano thereunder, and thereupon the action was brought. There was no provision in that contract that the title should not pass to the conditional vendee until the note was paid, nor does it appear that the note was taken with any such understanding. It was held that the action upon the note was an election upon the part of the conditional vendor to pursue one of two inconsistent remedies, and, having elected to sue upon the note, he had concluded himself and all persons claiming under him from asserting the right under the contract to retake the piano; the court saying in that connection:

"In other words, he has treated the note as a payment of the purchase price of the piano, and has thereby deprived himself and his assignee of the right to resort to the alternative remedy. (Citing cases.)"

The case of Avery v. Chapman, supra, was likewise an action for the conversion of a piano, by a purchaser from the conditional vendee against the conditional vendor. An execution issued upon the judgment obtained by the conditional vendor against the conditional vendee, in an action for the purchase price of the piano, was levied upon the piano, after it was sold by the conditional vendee, and the purchaser sued the conditional vendor. The contract in that case provided that in case of repossession the conditional vendee should waive all claims of every name and nature and all payment should be considered for the use of the piano, and not on account of the purchase price; and it was held that the contract did not contemplate that the conditional vendor, upon repossessing himself of the piano, should continue to hold it as security for the purchase price, and did not give the conditional vendee any right thereafter to tender the balance of the purchase price and retake the piano; that the right to purchase was then expressly waived. And it was further held that the bringing of the action for the purchase price was a conclusive election to waive the title and all right to reclaim possession of the piano, citing in support of that holding the case of Orcutt v. Rickenbrodt, supra.

The Orcutt Case was distinguished in American Box Co. v. Zentgraf, 45 App. Div. 522, 61 N. Y. Supp. 417, which was a controversy over certain machines which had been delivered under a conditional bill of sale, and it was there claimed that by bringing an action to recover the balance due upon certain notes and retaining the money paid upon another note therefor, under the terms and at the time the contract was executed, the conditional vendor had made an election of remedies so as to preclude him from asserting ownership or right of possession under the conditional bill of sale. But the court held to the contrary, distinguishing the case of Orcutt v. Rickenbrodt, supra, by the fact that the note there sued upon was not given at the

time of executing the contract, but subsequently, for the balance due upon the contract, while in the case under review the notes were given as part of the original transaction and under the express stipulation that the retention of the title in the purchaser should not be affected by the giving of the notes nor until those notes were actually and absolutely paid, and that whether at the end or the legal proceedings or without them did not affect the question; that there was nothing inconsistent in suing upon the notes with the provision in the contract that the title to the merchandise should not be changed until the notes were fully paid.

I think that decision accords with other decisions in this state (Brewer v. Ford, 54 Hun, 116, 7 N. Y. Supp. 244, affirmed 126 N. Y. 643, 27 N. E. 852; National Cash Register Co. v. Coleman, 85 Hun, 125, 32 N. Y. Supp. 593) and other states (Hilliard on Sales [3d Ed.] 37; Canadian Typo. Co. v. Macgurn, 119 Mich. 533, 78 N. W. 542).

As before stated, under the express terms of the contract in the case at bar, it was provided that the title to the property should not pass until the entire purchase price had been paid and all notes and other securities given to secure the same or any part thereof should be actually paid in cash. I do not see that the City Court action is at all inconsistent with the holding of the property as security for the purchase price. The proceeding was simply to establish judicially the obligation which the vendee assumed by the terms of the contract. It added nothing to the obligation of the vendee, neither do I think it detracted therefrom. It was necessary that the vendee pay the balance of the purchase price to obtain title to the property, and such payment whether, voluntarily or by compulsion, would extinguish the vendor's claim to the property and vest the title absolutely in the vendee, whether that balance is evidenced by a judgment or by contract or note, as provided thereby.

[3] Such contracts now stand practically upon the same basis as chattel mortgages. Equitably, the conditional vendee is the owner and the vendor holds the property merely as security for the purchase price, although the legal title does not pass to the vendee until payment.

Many changes have been made in the statute relating to conditional sales, since it was first enacted in 1884 (Laws of 1884, c. 315), safeguarding conditional vendees against harsh provisions in such contracts. A conditional vendor may not now take and appropriate absolutely the property and forfeit what has been paid thereon, although the contract so provides upon the conditional vendee making default. The statute requires that, whenever the property is retaken by the vendor, it shall be retained for 30 days from the time of such retaking, during which the vendee or his successor in interest may comply with the terms of the contract and thereupon receive the property. After the expiration of the time, if the terms are not complied with, the property shall be sold at public auction. Unless such property is sold within 30 days after the expiration of such period of time, the vendee or his successor in interest may recover from the vendor the amount paid thereon. The act makes provision for giving notice of the sale

and directs that the balance over and above the amount due upon the contract and the expenses of storage and sale shall be held subject to the demand of the vendee or his successor in interest. And although there is an express waiver in the contract of these provisions, it is void and ineffectual because against public policy. Crowe v. Liquid Carbonic Co., 208 N. Y. 396, 102 N. E. 573.

I think the mortgage in suit does not cover the machinery and apparatus, and that the first, second, and third findings designated "conclusions of law" should be set aside, and the judgment modified substantially as demanded in appellant's answer, and, as so modified, affirmed, with costs to the appellant of this appeal and in the trial court.

All concur, except ROBSON, J., and FOOTE, J., who dissent upon the authority of Orcutt v. Rickenbrodt, 42 App. Div. 238, 59 N. Y. Supp. 1008.