BROWN SHOE COMPANY, INC., Respondent, *v.* VANDAM WARE-HOUSE COMPANY, INC., Appellant.

First Department, March 7, 1919.

Replevin — interpleader of party not making claim to goods — owner who has replevied goods and given bond cannot be stayed from disposing of goods — defendant protected by replevin bond.

In an action of replevin brought against a warehouse company with which a forwarding company, employed by the owner of the goods, had stored the same, the plaintiff has required the sheriff to replevy the goods by giving a bond pursuant to sections 1694 and 1699 of the Code of Civil Procedure, the defendant is not entitled to have the forwarding company interpleaded where it makes no claim whatever to the goods. The authority to interplead only exists where a claim is made by the party sought to be interpleaded.

Moreover, the defendant is not entitled to stay the plaintiff from disposing of the property taken under the replevin process until the delivery to the defendant of a negotiable warehouse receipt which it gave for the property to the plaintiff's shipping agent, or until a delivery of a bond indemnifying the defendant against liability upon said receipt, especially where no answer has yet been served, for the granting of such stay would determine the issues of the action which cannot be determined upon affidavits.

Moreover, a stay is not needed, for if the defendant succeeds the plaintiff must either return the goods or give up their value and the defendant is secured in this respect by the plaintiff's undertaking.

Such a stay would in fact be in the nature of an injunction restraining the plaintiff from disposing of goods taken upon replevin process and such practice is not authorized. The defendant is by the Code given opportunity to rebond the goods.

APPEAL by the defendant, Vandam Warehouse Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of January, 1919, denying defendant's motion for an order interpleading the Standard Forwarding Company, Inc., and further denying its motion to stay the plaintiff from disposing of any property taken under replevin process until the delivery to the defendant of a negotiable warehouse receipt given for said property or a delivery of the order of the court accompanied by a bond to indemnify the defendant against any liability upon said warehouse receipt.

*Joseph V. Mitchell,* for the appellant.

*Roderic Wellman* of counsel [*Wellman, Smyth & Scofield,* attorneys], for the respondent.

SMITH, J.:

The action is brought to recover the possession of certain boxes of shoes of the value of $70,000. The defendant, appellant, is a domestic corporation engaged in the warehouse business under the General Business Law. The goods in question were placed on storage with the defendant on or about May 5, 1918, by the Standard Forwarding Company, Inc., and the appellant, at the request of the Standard Forwarding Company, Inc., issued its negotiable warehouse

receipt to said Standard Forwarding Company, Inc. The receipt has been lost. Pursuant to sections 1694 and 1699 of the Code of Civil Procedure, at the commencement of the action, the plaintiff required the sheriff to replevy the shoes in question and under section 1699, the usual bond was given providing for the return of the chattels to the defendant, if possession thereof be adjudged to it, or if the action abates or is discontinued before the chattel is returned to the defendant, and for the payment to the defendant of any sum which the judgment awards to it against the plaintiff. The complaint in the action has been served which is simply a complaint against the defendant for detaining property, to which the plaintiff was lawfully entitled after demand had been duly made. No answer has yet been served.

As to that part of the motion which asks for the interpleading of the Standard Forwarding Company, Inc., the Standard Forwarding Company, Inc., makes no claim whatever to these chattels. The authority to interplead only exists where a claim is made by the party sought to be interpleaded. The Standard Forwarding Company, Inc., upon this application renounces any claim that it might have to these chattels and states that in making the deposit with the defendant for storage it acted purely as the agent of the plaintiff. The motion, therefore, to interplead the said company was properly denied.

I am of the opinion further that the motion for a stay was also properly denied. This motion is to stay the plaintiff from disposing of the property taken under the replevin process, until the negotiable receipt be returned, or an order of the court be furnished under section 100 of the General Business Law (Consol. Laws, chap. 20; Laws of 1909, chap. 25), which provides for a delivery to an owner who has lost a negotiable receipt, by an order of the court upon which is required to be given an indemnity bond. The granting of the stay asked for is the determination of the issues of the action. The defendant can clearly answer the plaintiff's complaint by alleging the proper issuance of this negotiable receipt and its loss. It appears upon the papers that the plaintiff claims that the defendant improperly issued this receipt to the Standard Forwarding Company, Inc., knowing

that the plaintiff was, in fact, the owner of the goods. In the affidavits presented the defendant absolutely denies that it had any knowledge of the plaintiff's ownership of the goods. The questions of law and fact thus arising present issues to be determined upon the trial of the action and it is clear that the court is not authorized upon a motion for a stay to determine those issues upon affidavits. If the defendant be entitled to any stay whatever, the only stay would be a stay until the termination of the action, but that stay is not needed by the defendant, for if the defendant succeeds in the action the plaintiff must either return the goods or give up their value and the defendant is secured for this by the undertaking given upon the issuance of the replevin process, so that the defendant is neither entitled to, nor does it need the stay that it asks. If necessary, we might go further and hold what the defendant seeks here in the guise of a stay is, in fact, an injunction and does not seek to stay the proceedings in the action in any way, but the defendant seeks to enjoin the plaintiff from disposing of the goods taken upon replevin process. Such an order is nowhere authorized in practice. The defendant is by the Code (§ 1704) given opportunity to rebond these goods, of which it has not availed itself. To grant this stay, even until the determination of the action, would give to the defendant the rights which the Code of Civil Procedure gives to it only upon giving an undertaking and rebonding the chattels.

I, therefore, recommend an affirmance of the order, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.