THE O. B. BRUSH CORPORATION, Plaintiff, v. WEINER BOOK-
BINDING COMPANY, INC., Defendant.

City Court of the City of New York, December, 1922.

Negotiable instruments — series of notes secured by chattel mortgage
given for purchase price of machine — failure of buyer to pay first
note — when retaking and sale of machine in replevin action not a
bar to action for the balance of the purchase price.

Defendant as security for the payment of four promissory notes, each for $312.50,
given for the balance of the price of a certain machine purchased on the install-
ment plan, delivered to plaintiff a chattel mortgage thereon which provided
that in default in the payment of the purchase price or any part thereof plaintiff
might take and carry away the said machine and sell and dispose of the same,
and out of the moneys arising therefrom retain and pay the amount of defendant's
said indebtedness, and all charges touching the same, including counsel fees,
and further, in the event that the property should fail to satisfy said debt,
interest, costs and charges, including counsel fees, that defendant should pay
the same. The note representing the first installment though presented for
payment at maturity was not paid, and four days thereafter plaintiff demanded
the return of the machine but delivery thereof was refused. In a Supreme
Court action in replevin to recover possession of the machine the statutory
undertaking was duly executed and filed by plaintiff, and the sheriff seized
the machine by virtue of a warrant in replevin. The defendant did not give
an undertaking and reclaim the machine nor demand either by notice or answer
the return thereof. The plaintiff after due notice to defendant caused the
machine to be sold at public auction, and after deducting the expenses in
connection with the seizure, sale, etc., including counsel fees, the net proceeds
were $426.10. *Held*, that the suit in replevin was not a bar to an action
subsequently brought in the City Court of New York to recover the balance
of the purchase price of the machine and that plaintiff was entitled to the
damages claimed.

Upon defendant's default in payment of the first installment due on the note
secured by the chattel mortgage, the title to the machine became absolute in
the plaintiff, the mortgagee, and all that remained to the defendant or any of
its creditors was a right of redemption enforcible only in an equitable action.

In the circumstances the sole issue to be tried in the replevin suit, which it was
conceded is still pending and undetermined, is the amount of damages, if any,
to which plaintiff is entitled by reason of defendant's unlawful detention of
the machine.

ACTION for balance of purchase price of chattel.

*William Bell Wait, Jr.*, for plaintiff.

*Louis Rosenberg*, for defendant.

CALLAHAN, J. In 1921 plaintiff sold and delivered to the
defendant a certain machine at the agreed price of $1,750. Defend-
ant paid $500 on account of the purchase price and agreed to pay

City Court of New York, December, 1922.      [Vol. 120

the balance in four equal installments of $312.50, payable, respectively, in three, six, nine and twelve months, giving to plaintiff four promissory notes. To secure the payment of such balance defendant at the time of the delivery of the notes also delivered to plaintiff a chattel mortgage on said machine. The chattel mortgage provided that in default in the payment of the purchase price or any part thereof plaintiff might take and carry away the said machine and sell and dispose of same, and out of the moneys arising therefrom retain and pay the amount of defendant's said indebtedness and all charges touching same, including counsel fees. It also provided that in the event the property shall fail to satisfy said debt, interest, costs and charges, including counsel fees, that defendant shall pay the same. The promissory note representing the first installment became due and payable on May 8, 1922, at which time it was presented for payment, but it was not paid. Thereafter, and on May 12, 1922, plaintiff demanded from defendant the return of the machine pledged, but delivery thereof was refused, whereupon plaintiff, on or about June 3, 1922, commenced an action of replevin in the Supreme Court to recover possession of the chattel. In such action the bond required by law was duly made, executed and filed, a warrant of replevin was issued to the sheriff and the chattel thereafter seized. Defendant did not rebond the same, nor demand the return thereof, whereupon plaintiff, after giving due notice of sale to the defendant, caused the machine to be sold at public auction. The amount realized on the sale was $885. The expenses in connection with the seizure, sale, etc., including counsel fees, amounted to $458.90, leaving as the net proceeds of the same the sum of $426.10. In August, 1922, plaintiff commenced this action to recover the balance of the purchase price of the said machine, amounting to $823.90, with interest. Defendant answered, denying several of the allegations in the complaint, and also set up by way of separate defense the pendency of the replevin suit in the Supreme Court. The parties subsequently entered into a stipulation waiving the trial of the issues by jury and also conceding all the facts hereinabove set forth. It was also conceded that the replevin action in the Supreme Court is still pending and undetermined. Defendant's contention that the pendency of the replevin action is a bar to the institution of the present suit is untenable. *Cobb* v. *Cullen Bros. & Lewis Steel Co.,* 68 App. Div. 179. The only other point raised by defendant is that the machine seized by the sheriff in the replevin action is, until the determination of that action, in *custodia legis;* that any sale by plaintiff prior to such determination was unlawful, and hence any amount realized on such sale or any expense incurred

in connection therewith cannot be made the basis of computing the amount to which plaintiff is entitled in this action. In other words, that the chattel was not *duly* sold as alleged by plaintiff. Upon defendant's default in payment of the first installment due on the notes secured by the chattel mortgage the title to the property covered by said mortgage became absolute in the plaintiff mortgagee. Neither defendant nor any of its creditors could thereafter maintain an action at law against it. *Cartier* v. *Pabst Brewing Co.*, 112 App. Div. 419, and cases cited. All that remained to them was a right of redemption, which could only be enforced in an equitable action. *Casserly* v. *Witherbee*, 119 N. Y. 522, 526. The defendant having refused delivery on demand, plaintiff, upon his assertion of title, secured possession of the chattel in the replevin action. Defendant, not having given the statutory bond and reclaimed the chattel, nor having demanded, either by notice or answer, the return thereof, has, as matter of law, conceded plaintiff's right to possession. *Freeman* v. *U. S. Fidelity & Guar. Co.*, 43 Misc. Rep. 364. Under such circumstances the sole issue to be tried in the replevin suit is the amount of damages, if any, to which plaintiff is entitled by reason of defendant's unlawful detention. Even though defendant had duly demanded the return of the chattel, plaintiff would not have to await the determination of the replevin action before selling same, for ultimately, in the event of defendant's success in the action, plaintiff would be answerable only for the chattel or its value. *Brown Shoe Co., Inc.*, v. *Vandam W. Co., Inc.*, 186 App. Div. 718; *Gordon* v. *Jenney*, 16 Mass. 465, 469. The cases of *First Nat. Bank of Oswego* v. *Dunn*, 97 N. Y. 149, and *Commerce E. N. Bank* v. *Blye*, 123 id. 132, do not conflict with this view. They hold that pending the determination of the action replevied property cannot be seized under other judicial process in that the property is in *custodia legis*, the reason for the rule being that such a seizure must always produce a forfeiture of the bond given to return the property, if such return is in the end adjudged. In such case the plaintiff, who gives a bond and replevies the property, is, if seizure under other process be permitted, not only prevented from returning the property in specie if it so desires, but incurs the double liability of being deprived of the property as well as having to pay its value. As between the parties, where plaintiff elects to sell, such sale, if properly conducted, is without prejudice to the rights of defendant for the reason that the alternative judgment in replevin permits payment of the value instead of restoration of the specific property. The cases relating to conditional sales cited by defendant are not applicable, because such proceedings are governed by the provisions

of the Personal Property Law. I further find that plaintiff is entitled to the damages claimed. Submit decision accordingly on notice.

Judgment accordingly.