MAX WENGER, Respondent, v. DAVID KORNBLUM, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Seeger, JJ.

CHARLES WRIGHT, Respondent, v. NASSAU BUS LINE, INC., Defendant, and BIAGIO BECCE, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ.

AUGUST ZIEPKE and WILLIAM H. ZIEPKE, Appellants, v. THOMAS CUSIMANO and WILLIAM J. HORN, Defendants. LEO SCHUBERT and GOTTLOB WENZ, Respondents.— Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiff against defendants, with costs. The fifth finding of fact is reversed and this court finds the ninth finding of fact proposed by plaintiffs. The reassignment and delivery to plaintiffs, before the commencement of the action, of the promissory notes in question, carried with it the chattel mortgage given as collateral security therefor. (*Stillman* v. *Northrup*, 109 N. Y. 473.) It was unnecessary for the appellants to exhaust their remedy upon the mortgage before suing upon the notes. (*Kmetz* v. *DeRonde*, 231 N. Y. 641.) Young, Rich, Kapper, Hagarty and Carswell, JJ., concur.

FRANK ICKE, Respondent, v. ANNA VOGEL, Appellant.— Application denied, with ten dollars costs.

JOS. H. MEYER BROS., Appellant, v. AMERICAN POWDER PUFF MFG. CO., INC., Respondent.— Application denied, with ten dollars costs.

In the Matter of the Application of MAURICE E. CONNOLLY to Take the Depositions of ROBERT BRODERICK, JOHN L. WEBB and ALEXANDER MORRIS, under Rule 120 of the Rules of Civil Practice and Section 308 of the Civil Practice Act.— It was conceded in open court, and it substantially appears from the affidavit of Justice Scudder, filed herein, that the investigation now proceeding before him goes to the merits of the controversy as to the charges made against the petitioner. In such circumstances, we think that the petitioner's application to take the depositions of the official stenographers, who are taking the testimony before Justice Scudder, as a basis for an application to be made by the relator for an order of prohibition upon the ground that the justice is disqualified to proceed at the hearing of February first, is unnecessary, and the motion is, therefore, denied. It is not intended hereby to determine any of the questions of law which may be raised in any proceeding in which an order of prohibition is sought. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MIRIAM BARON, Respondent, v. ALEXANDER GERSEN, Appellant, and Others, Defendants.— Motion for stay granted upon condition that, within five days from the entry of the order herein, the moving party give an undertaking, with corporate surety, in the sum of $1,000, to indemnify plaintiff against any loss by reason of the appeal, including costs thereof, in the event that the judgment is affirmed. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ.