LOUIS J. BARONBERG, Plaintiff, *v.* CAROLINE G. HUMPHREYS and Another, Defendants.

City Court of New York, Kings County, December 8, 1937.

*April & Eisenrod,* for the plaintiff.

*Adrian C. Humphreys,* for the defendants.

GOLDSTEIN, J.   This is an action brought by the plaintiff against the defendants to foreclose a chattel mortgage executed and delivered by the defendants to the plaintiff.   On the 15th day of February, 1937, a corporation known as Ybry, Inc., borrowed from the plaintiff the sum of $2,900 and gave to the plaintiff a promissory note for that amount, payable within sixty days from date.   To secure the payment of this note the defendants, at the time of the delivery of the note aforementioned, also delivered to the plaintiff a chattel mortgage on certain of their personal property.   As further collateral to secure the payment of this note the corporation assigned all its equities in certain accounts receivable that it had sold to Modern Factors Corporation.

When this note fell due the same was not paid, and, pursuant to agreement in writing, dated the 15th day of June, 1937, entered into between the plaintiff, the corporation, and these defendants,

another note was executed by the corporation on that day for the sum of $2,900, payable two months from date and indorsed by these defendants and delivered to the plaintiff. This agreement provided that the chattel mortgage heretofore executed by these defendants was continued in full force and effect. When the note fell due on August fifteenth the same was not paid, and an action was commenced by this plaintiff in the Supreme Court, Queens county, on the 6th day of October, 1937, on this note, against the corporate maker and these defendants as indorsers. Thereafter the plaintiff commenced this action to foreclose the chattel mortgage aforementioned, executed by the defendants and delivered to the plaintiff as collateral security for the repayment of the loan made by the plaintiff to the corporate defendant. The defendants have answered, admitting all of the allegations of the complaint, but have set up three separate defenses. In the first separate defense the defendants allege that the pendency of the action on the note is a bar to the institution of the present suit. In the second separate defense they plead usury, and in the third separate defense the defendants allege that the plaintiff, at the time of the making of the loan in question, received other collateral from the borrower, the corporate debtor, in addition to the chattels covered by the mortgage in this suit, and that the plaintiff has failed and refused to pursue or effect his remedies against that collateral.

The question now arises: Are these separate defenses sufficient as a matter of law?

I will take up the defense of usury first. In support of this defense the defendants urge that the execution and delivery of the chattel mortgage by the defendants to the plaintiff, the subject-matter of this action, was void and in violation of section 2400 of the Penal Law because the plaintiff had exacted usurious interest for the loan of the money evidenced by the promissory note. This defense, however, is not available to the defendants because the loan was not made to the defendants but to the corporation. Consequently, since the defendants were not the borrowers of the money from the plaintiff, section 2400 of the Penal Law does not apply. This defense must, therefore, be stricken out.

The first defense interposed by the defendants, that is, that the pendency of the action on the note in question is a bar to the institution of the present action, requires a more extended discussion. The defendants claim that the plaintiff, by suing on the note in question, which was given by the corporation as evidence of the loan by the plaintiff to the corporation, and which note was indorsed by the defendants, forfeited the right to maintain this action to foreclose the chattel mortgage executed and delivered

by these defendants to the plaintiff as collateral security for the payment of the note aforementioned. This question depends for its answer upon the law of election of remedies. The law is, where two inconsistent remedies, proceeding upon irreconcilable claims of right, are open to a suitor, the choice of one bars the other. But to have that effect the remedies must be inconsistent.

With that law in mind the question then arises: Are the remedies pursued by the plaintiff inconsistent? I find no inconsistency here. The chatel mortgage executed by the defendants conveys title to the mortgaged property to the plaintiff, but upon payment of the indebtedness the mortgage becomes void. The plaintiff, the mortgagee, had a right to receive the return of the loan, and brought an action to get it. The foreclosure of the mortgage by the plaintiff in this action preserves the obligation of the defendants' (the mortgagors') promise to make payment, but puts it in another form.

There is no inconsistency between an attempt to get the money and a reservation of title if the attempt is not successful. (*Ratchford v. Cayuga County Cold Storage & W. Co.*, 217 N. Y. 565.)

In the *Ratchford* case a contract of conditional sale provided that the title to the property sold thereby was to remain unchanged until the purchase price was paid in full, and the vendor brought an action against the vendee for an unpaid installment of that price and obtained a judgment therefor. The court held that the vendor did not, by so doing, forfeit his title to the property; and, if unable to obtain payment of such judgment, he may retake the property under the contract of conditional sale. The court further held that there was no inconsistency between the attempt to get the money due under the contract and a reservation of title if the attempt is not successful.

In the case of *American Box Machine Co.* v. *Zentgraf* (45 App. Div. 522) the court held that an action prosecuted to judgment upon notes given as part of the original transaction was no bar to a subsequent action for conversion. (See, also, *Hobart Electric Mfg. Co.* v. *Rooder*, 121 N. Y. Supp. 274.)

A case that is almost similar to the case at bar is the case of *Brush Corporation* v. *Weiner Bookbinding Co., Inc.* (120 Misc. 101). There the plaintiff sold and delivered to the defendant a certain machine at an agreed price. The defendant paid a certain sum on account and agreed to pay the balance in installments, giving to the plaintiff several promissory notes. To secure the payment of such balance the defendant, at the time of the delivery of the notes, also delivered to plaintiff a chattel mortgage on said machine. This chattel mortgage contained the usual clauses. The first

promissory note was not paid. Thereafter the plaintiff demanded from the defendant the return of the machine pledged, but delivery thereof was refused, whereupon plaintiff commenced an action of replevin to recover possession of the chattel. In such action a warrant of replevin was issued to the sheriff and the chattel thereafter seized. The defendant did not rebond the same, whereupon the plaintiff caused the machine to be sold at public auction. A certain amount was realized on the sale. The expenses in connection with the seizure, sale, etc., including counsel fees, amounted to a certain sum, leaving a certain amount as the net proceeds of the sale. Thereafter the plaintiff commenced this action to recover the balance of the purchase price of the machine. The defendant answered and set up, by way of separate defense, the pendency of the replevin suit.

The court held that the defendant's contention that the pendency of the replevin action was a bar to the institution of the present suit was untenable. (*Cobb* v. *Cullen Bros. & Lewis Steel Co.*, 68 App. Div. 179.)

The doctrine of the election of remedies was clearly set forth in the case of *Corporate Investing Co.* v. *Mt. Vernon M. P. Co.* (206 App. Div. 273, 276), decided by the Appellate Division of this Department. The court there said: " The possibility of two trials, or the actuality of two trials, is not of importance. As to the doctrine of election of remedies, or of the objection of ' another action pending,' the first only applies where there is a choice between two remedies, which proceed upon ' opposite and irreconcilable ' claims of right (*Henry* v. *Herrington*, 193 N. Y. 218), and the second requires complete identity of parties, cause of action and judgment sought (*Cornell* v. *Bonsall*, 176 App. Div. 798), and is ' subject to this limitation, recognized in all the cases, that full relief can be obtained in the first proceeding ' (CULLEN, J., in *Matter of Hood*, 27 Hun, 579)."

Applying the rule of law set forth in the foregoing cases, I cannot, by any stretch of the imagination, hold that the two remedies pursued by the plaintiff herein are " opposite and irreconcilable claims of right and that full relief can be obtained in the first proceeding."

In the recent case of *Ziepke* v. *Cusimano* (222 App. Div. 827), decided by the Appellate Division of this Department, it was held that " It was unnecessary for the appellants to exhaust their remedy upon the mortgage before suing upon the notes."

In view of the foregoing I come to the conclusion that the defendants' first separate defense of another action pending is insufficient in law.

The third defense interposed by the defendants is also insufficient as a matter of law. An extended discussion is not necessary. I, therefore, strike out all of the three separate defenses of the defendants and, without these defenses there being no issue raised, I grant judgment for the plaintiff on the pleadings.

I have not considered this application as a motion for summary judgment under rule 113 of the Rules of Civil Practice for the reason that there is no allegation in the moving affidavits that plaintiff believes that there was no defense to the action, and, consequently, the papers are insufficient. ( *Universal Credit Co.* v. *Uggla*, 248 App. Div. 848.)

The chattel mortgage provides for the payment of a counsel fee to the mortgagee. There is no proof before me as to the amount of this counsel fee, and so I will refer the question of counsel fee to one of the official referees of this court to hear and report to this court. Upon the coming in of the referee's report and the confirmation thereof I will fix the amount of counsel fee, and the same will be provided for in the judgment to be entered. Submit order.