SYLVIA METH and Another, Judgment Creditors, *v.* PHILIP GREENSPAN, Judgment Debtor.

Supreme Court, Special Term, Kings County, October 7, 1938.

*Milton H. Lehrer,* for the judgment creditors.

*Max Schultz,* for the judgment debtor.

RIEGELMANN, J. The judgment creditors move herein for an order pursuant to section 796 of the Civil Practice Act, requiring the debtor to deliver to the sheriff of Kings county two automobiles belonging to the debtor and in his control and possession. It appears that the two automobiles were sold to the debtor under conditional bills of sale and that, although the vehicles are actually in the possession of the debtor, nevertheless a finance company retains legal title thereto and that a balance still remains unpaid upon the vehicles, and due to the finance company.

The judgment debtor maintains that the foregoing section does not constitute a statutory justification for the issuance of the order herein sought. I do not agree with this contention. The trend of modern legislation in this State is to subject every actual interest of the debtor, whether legal or merely beneficial, to the satisfaction of his debt. The fact that the judgment debtor is not vested with legal title to the automobiles in question is immaterial.

The view is expressed in *Ratchford* v. *Cayuga County Cold Storage & Warehouse Co.* (159 App. Div. 525, 529; affd., 217 N. Y. 565) that a contract of conditional sale stands practically upon the same basis as a chattel mortgage. Equitably, the conditional vendee is the owner of the property and the vendor retains legal title merely as security for the payment of the balance of the purchase price. A mortgaged chattel is subject to execution in satisfaction of a debt due from the mortgagor to a creditor, if in fact the mortgagor has retained possession of the property and the levy is made prior to default. (*Galen* v. *Brown,* 22 N. Y. 37; *Hall* v. *Sampson,* 35 id. 274; *Leadbetter* v. *Leadbetter,* 125 id. 290; *Ellis* v. *Rickett,* 232 id. 515.) There is no cogent basis, while subjecting mortgaged personalty to levy, upon which to predicate an exemption from like process for goods which have been sold pursuant to a conditional bill of sale.

The section which the judgment creditors herein have invoked reads as follows: " § 796. Order directing delivery of property or money to sheriff or receiver. Where it appears from the examination or testimony taken in a special proceeding authorized by this article that the judgment debtor has in his possession or under his control money or other personal property *belonging to him,* or that money or one or more articles of personal property capable of delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person, the court in its discretion and upon such a notice given to such persons as it deems just, or without notice, may make an order directing the judgment debtor or other person immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order, unless a receiver has been appointed or a receivership had been extended to the special proceeding, and in that case to the receiver."

It will be noted that the section does not require, as a condition precedent to the enforcement thereof, that the debtor hold *legal title* to the personal property in question. The statutory requirements are satisfied upon a showing that the debtor has in his possession or under his control personal property " belonging to him." The latter expression is sufficiently broad to contemplate the proprietary interest of the debtor in the chattels in question. Accordingly, the judgment creditors are entitled to the relief here sought, subject to the rights of the vendor pursuant to the provisions of the conditional bills of sale.

Motion granted. Settle order on notice.